IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re )<br>)<br>INACOM CORP, *et al.*, )<br>        Debtors. )<br>)<br>_____ )<br>)<br>INACOM CORP., on behalf of all affiliated )<br>Debtors, )<br>)<br>        Plaintiffs, )<br>)<br>    v. )<br>)<br>INGRAM ENTERTAINMENT, INC., as )<br>successor in interest to NASHVILLE )<br>COMPUTER LIQUIDATORS, )<br>)<br>        Defendant. )<br>_____ ) | Chapter 11<br><br>Case No. 00-2426 (PJW)<br><br><br><br>Civil Action No. 04-593 (GMS) |

**DEFENDANT INGRAM ENTERTAINMENT INC.'S
<u>MOTION FOR JURY TRIAL</u>**

Defendant Ingram Entertainment Inc., as successor in interest to Nashville Computer Liquidators, L.P., ("Ingram Entertainment") files this Motion for Jury Trial (the "Motion"). In support of this Motion, Ingram Entertainment respectfully sets forth the following:

<u>Background</u>

1.  On February 9, 2005, in the action entitled *Inacom Corp. v. Lexmark International, Inc.* (Civil Action No. 04-583), Lexmark International, Inc. ("Lexmark") filed its Motion for the Court to Order a Trial By Jury ("Lexmark's Jury Trial Motion") and its Opening Memorandum in support of that motion. As set forth in Lexmark's Jury

Trial Motion and its Opening Memorandum in support thereof, Lexmark is entitled to a jury trial on Plaintiff Inacom Corp.'s ("Inacom") claims asserted against Lexmark because: (i) Lexmark has not submitted a proof of claim against Inacom's bankruptcy estate and thus has not waived its Seventh Amendment right to a jury trial and (ii) Lexmark has satisfied the five factor test set forth in *SEC v. The Infinity Group Company*, 212 F.3d 180, 196 (3d Cir. 2000) supporting this Court's ordering a jury trial.

2.  On May 12, 2005, in the action entitled *Inacom Corp. v. Dell Computer Corp.* (Civil Action No. 04-582), Dell, Inc. ("Dell") filed its Request for Jury Trial ("Dell's Jury Trial Motion"). As set forth in Dell's Jury Trial Motion, Dell is entitled to a jury trial on Inacom's claims asserted against Dell for the same reasons that Lexmark is entitled to a jury trial.

3.  On May 10, 2005, Lexmark, Dell, Ingram Entertainment and Tech Data Corp. ("Tech Data") filed a Joint Motion for the Court to Consolidate for Trial ("Joint Motion to Consolidate"), along with the Opening Memorandum in support of that motion, seeking that the Court consolidate for trial the following actions currently pending before this Court: (i) Case No. 04-148 (*Inacom Corp. v. Tech Data Corp.*), (ii) Case No. 04-582 (*Inacom Corp. v. Dell Computer Corp.*), (iii) Case No. 04-583 (*Inacom Corp. v. Lexmark International, Inc.*), and (iv) Case No. 04-593 (*Inacom Corp. v. Ingram Entertainment, Inc.*).

### Ingram Entertainment's Request For Jury Trial

4.  Ingram Entertainment has not filed or otherwise submitted a proof of claim to Inacom's bankruptcy estate. Therefore, Ingram Entertainment has not waived its Seventh Amendment right to a jury trial as to Inacom's claims asserted against Ingram Entertainment. For the same reasons Lexmark and Dell are entitled to a jury trial, as set forth in their respective Jury Trial Motions and Lexmark's Opening Memorandum in

support of its Jury Trial Motion, Ingram Entertainment moves this Court to order a trial by jury on all claims asserted by Inacom against Ingram Entertainment.

5.  Additionally, as set forth in detail in the Opening Memorandum in support of the Joint Motion to Consolidate, where two or more cases are consolidated and one is accompanied by a right to a jury trial, the Court may properly grant a jury trial in both cases. *Cedars-Sinai Med. Ctr. v. Revlon, Inc.*, 111 F.R.D. 24, 32 (D. Del. 1986). To the extent Lexmark's or Dell's Jury Trial Motions are granted and the cases are consolidated, Ingram Entertainment is entitled to a jury trial as to Inacom's claims against Ingram Entertainment.

6.  In support of this Motion, Ingram Entertainment expressly adopts and incorporates by reference: (i) Lexmark's Jury Trial Motion and its supporting Opening Memorandum, (ii) Dell's Jury Trial Motion, and (iii) the Joint Motion to Consolidate and its supporting Opening Memorandum. Ingram Entertainment relies on the foregoing motions and briefs in support of this Motion, and waives, pursuant to Local Rule 7.1.2, its right to file an opening brief in support hereof. Ingram Entertainment, however, expressly reserves its right to file a reply brief to respond to any and all arguments that Inacom may assert in response hereto.[1]

---

[1] Since Inacom has already filed oppositions to Lexmark's Jury Trial Motion and Dell's Jury Trial Motion, counsel for Ingram Entertainment has not attempted to reach an agreement with counsel for Inacom, pursuant to Local Rule 7.1.1., before filing this Motion.

WHEREFORE, Ingram Entertainment respectfully requests for this Court to enter an order granting a trial by jury of all of Inacom's claims against Ingram Entertainment in this action and grant to Ingram Entertainment such other relief as is just.

Dated: May 26, 2005
      Wilmington, Delaware

ZUCKERMAN SPAEDER LLP

*/s/ Elizabeth D. Power*
Thomas G. Macauley (ID No. 3411)
Elizabeth D. Power (ID No. 4135)
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware 19899-1028
Tel.: (302) 427-0400
Fax: (302) 427-8242

-and-

Jonathan P. Hersey
(CA Bar No. 189240 - not admitted in Delaware)
BINGHAM McCUTCHEN LLP
600 Anton Blvd., 18th Floor
Costa Mesa, California 92626
Tel.: (714) 830-0600
Fax: (714) 830-0700

Attorneys for Defendant
INGRAM ENTERTAINMENT INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS, L.P.