IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INACOM CORP., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated debtors,<br><br>Plaintiff,<br>v.<br><br>INGRAM ENTERTAINMENT, INC. as successor in interest to NASHVILLE COMPUTER LIQUIDATORS,<br><br>Defendant. | Civil Action No. 04-593 (GMS)<br><br>[Related to Docket No. 26] |

## PLAINTIFF'S RESPONSE TO
## MOTION OF INGRAM ENTERTAINMENT, INC. FOR A JURY TRIAL

**PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.**
Laura Davis Jones (Bar No. 2436)
Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
Sandra McLamb (Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Counsel for Plaintiffs, InaCom Corp., on behalf of all affiliated debtors

42125-003\DOCS_DE:108624.1

Plaintiff, InaCom Corp., on behalf of all affiliated debtors, hereby submits its response in opposition to the Motion of Ingram Entertainment, Inc. For Jury Trial. Plaintiff's opposition is based on the same grounds and arguments raised in response to a similar jury trial motion filed by IEI International, Inc., in Civil Action No. 04-583 (GMS).

## TABLE OF CONTENTS

I. SUMMARY OF ARGUMENT ................................................................................................ 1

II. PROCEDURAL HISTORY ................................................................................................... 2

III. ARGUMENT AND POINTS AND AUTHORITIES ......................................................... 3

    A.   The First Factor ............................................................................................................. 5

    B.   Second Factor ................................................................................................................ 6

    C.   Third Factor .................................................................................................................. 7

    D.   Fourth Factor ................................................................................................................ 9

    E.   The Fifth Factor ............................................................................................................ 9

IV. CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*Ballas v. City of Redding* ........................................................................................................ 8

*Boice v. United States*, 87 FRD 494 (D.Ariz. 1980) ................................................................ 9

*Hare H&R Industries, Inc.*, 3002WL722514 (E.D.Pa.) ............................................................ 9

*In re Maley Tire Co.*, 273 F.Supp. 369, 372- (N.D.N.Y. 1967) ................................................ 5

*Katzenmoyer v. City of Reading*, 2001 W.L. 1175139 (E.D.P.a.) ............................................ 8

*Olund v. Swarthout*, 459 F.2d 999 (6th Cir.), cert. den'd, 409 U.S. 1008 (1972), reh'g denied, 409 U.S. 1119 (1973) .................................................................................................... 9

*Paramount Pictures Corp. v. Thompson Theaters*, 621 F.2d 1088 (10th Cir. 1980) ................ 5

*Parrott v. Wilson* 707 F.2d 1262 (11th Cir., cert. den'd. 464 U.S. 936 (1983) ......................... 9

*Richardson v. Advanced Pulver Systems, Inc.* ....................................................................... 11

*Richardson v. Advanced Pulver Systems, Inc.*, No. 01-CV-3459, 2002 U.S. Dist. LEXIS 12145 (E.D.Pa. March 12, 200) ................................................................................... 10

*Rowlett v. Anhauser-Busch, Inc.*, 532 F.2d 194 (1st Cir. 1987) .............................................. 4

*Rutledge v. Electric Hose & Rubber, Co.*, 511 F.2d 668 (9th Cir. 1975) ................................ 4

*SEC v. Infinity Group Co* ......................................................................................................... 5

*SEC v. Infinity Group Company* ........................................................................................... 10

*SEC v. The Infinity Group Co* ................................................................................................. 4

*SEC v. The Infinity Group Co.*, 212 F.3d 180, 196 (3d Cir. 2000) ......................................... 4

*Tynan v. RKO Radio Pictures*, 77 F.Supp. 238 (S.D.N.Y. 1947) ............................................ 5

*United States Securities and Exchange Commission v. The Infinity Group Company*, 212 F.3d 180 (3d Cir. 2000) ............................................................................................ 1

*United States v. Lochamy*, 724 F.2d 494 (5th Cir. 1984) .................................................................. 9

*William Goldman Theaters v. Kirkpatrick*, 154 F.2d 66 (3d Cir. 1946) ........................................... 5

## STATUTES

11 U.S.C. § 101(32)(a) ........................................................................................................................ 6
11 U.S.C. § 547(b)(3) .......................................................................................................................... 5
11 U.S.C. § 550 ................................................................................................................................... 2
11 U.S.C. §§ 547 ................................................................................................................................. 2
Federal Rules of Bankruptcy Procedure 9015 .................................................................................... 2
Federal Rules of Bankruptcy Procedure 38(b) ............................................................................... 2, 3
Federal Rules of Bankruptcy Procedure 38(d), ................................................................................. 2
Federal Rules of Bankruptcy Procedure 39(b) ...................................................................... 4, 5.9, 10

## OTHER AUTHORITIES

*8 Moore's Federal Practice,* Section 39.31(5)(d)(iv) (Matthew Bender 3d ed.) ............................. 5
*8 Moore's Federal Practice*,
   Section. 39-.31[5][d][i](Matthew Bender 3d ed.) ......................................................................... 10

# I.
# SUMMARY OF ARGUMENT

Almost three years after its time to demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P. 38"), and fifty eight days after the fact discovery deadline and one week after the expert rebuttal report deadline, Defendant Ingram Entertainment, Inc. ("IEI") seeks relief from its waiver of a jury trial pursuant to Fed. R. Civ. P. 39(b).

Despite IEI's blithe assertion that it can meet the five factor test for such relief set forth in *United States Securities and Exchange Commission v. The Infinity Group Company*, 212 F.3d 180 (3d Cir. 2000), it cannot.

IEI's long delay in seeking relief from its waiver is based solely upon mere inadvertence. The unexcused delay by IEI in bringing its motion, if granted, will cause Plaintiff prejudice as it has prepared for a bench trial through fact discovery and expert witness selection. Further, IEI has made an inadequate showing that the issues involved in this case are particularly suitable for a jury trial in light of the complex accounting testimony relating both to the underlying transactions and IEI's defense that Inacom was not insolvent at the time the preferential transfers were made to it by Plaintiff.

For the reasons set forth herein, IEI's motion for relief from its waiver of a jury trial should be denied.

## II.

## **PROCEDURAL HISTORY**

Inacom and its Affiliated Debtors filed voluntary petitions for relief under chapter 11 of the Untied States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") on June 16, 2000. In May 2002, Inacom filed a number of adversary preceding against vendors and others who received payments from Inacom within the 90 day period preceding the filing of its bankruptcy petition so as to avoid and recover those payments as preferences pursuant to 11 U.S.C. §§ 547 and 550.

Inacom filed its complaint against IEI on May 31, 2002, seeking to avoid and recover $1,096,281 of payments made by Inacom to IEI in the 90 day period preceding the filing of Inacom's bankruptcy petition. IEI filed its answer to Inacom's Complaint on July 5, 2002. Pursuant to Fed. R. Civ. P. 38(b), made applicable to the adversary proceeding filed against IEI pursuant to Fed. R. Bankr. P. 9015, the time within which IEI could demand a trial by jury expired ten days thereafter. Pursuant to Fed. R. Civ. P. 38(d), "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury."

On June 28, 2004, the Court entered its order withdrawing the reference to the Bankruptcy Court of a number of adversary proceedings brought by Inacom, including the instant matter.

On September 27, 2004, the Court conducted a telephonic scheduling conference in eight of the former adversary proceedings brought by Inacom as to which the reference to the Bankruptcy Court had been withdrawn, including the instant action. During that telephonic

conference, Defendant Lexmark International, Inc. advised the Court that it was "considering" moving for a trial by jury.

On November 24, 2004, the Court entered a Scheduling Order setting various pretrial deadlines and bench trials to begin on October 17, 2005. January 25, 2005 was set as the date that all fact discovery must be completed. Subsequently, Inacom, Nextel, and the six remaining defendants in the other withdrawn adversary proceedings tendered an agreed order to the Court on or about January 13, 2005, to extend the fact discovery cut off and other pretrial deadlines for approximately 60 days. The extended and dispositive date to complete fact discovery became March 31, 2005, the date for expert exchanges became April 25, 2005, and the date to exchange expert rebuttal reports became May 20, 2005. Trial remains set for October 17, 2005.

### III.
### ARGUMENT AND POINTS AND AUTHORITIES

IEI waived its right to a trial by jury by failing to demand one within ten days after the filing of its answer to the complaint almost three years ago.[1] IEI has not offered any excuse for failing to file a demand for trial by jury, but simply "adopts" the jury trial motion filed by Lexmark in February, 2005. The motion should thus be denied summarily.

The excuse offered in the Lexmark motion is that it would be "ineffective" as the Court has not given authority to judges of the Bankruptcy Court to conduct jury trials. The explanation is nonsensical. If IEI desired a trial by jury it could have included such a demand in its answer and moved the Court for withdrawal of the reference at any time. Further, if

---

[1] IEI's argument that it did not waive its right to a jury trial because it did not file a proof of claim in the Debtors' bankruptcy case is a red herring. Whether or not IEI filed a proof of claim, it was required by Fed. R. Civ. P. 38(b) to file a demand for jury trial within ten days of the filing of its answer.

withdrawal of the reference was the key for not previously demanding a trial by jury, it must be noted that the Court's order withdrawing the reference as to this action was entered June 28, 2004, over seven months ago, and neither IEI nor Lexmark has offered any explanation for not filing a jury trial motion at that time.

IEI seeks relief from its waiver of a trial by jury pursuant to Fed. R. Civ. P. 39(b), which provides:

> **By the court.** Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues.

In the Third Circuit, the five factors to be considered by the trial court in determining whether to grant an untimely jury demand are as follows:

> 1) Whether the issues are suitable for a jury;
> 2) Whether granting the motion would disrupt the schedule of the Court or the adverse party;
> 3) Whether any prejudice would result to the adverse party;
> 4) How long the party delayed in bringing the motion; and
> 5) The reasons for the failure to file a timely demand.

*SEC v. The Infinity Group Co.*, 212 F.3d 180, 196 (3d Cir. 2000).

Only in an extreme case would the grant or denial of relief be deemed an abuse of discretion on appeal. *Rowlett v. Anhauser-Busch, Inc.*, 532 F.2d 194 (1st Cir. 1987); *Rutledge v. Electric Hose & Rubber, Co.*, 511 F.2d 668 (9th Cir. 1975).

Examination of the factors to be met to obtain the relief sought by IEI reveals that it is not entitled to relief from its waiver.

### A. The First Factor

Inacom does not dispute the fact that if IEI timely demanded trial by jury, it would be entitled to one. However, in the context of a motion for relief under Fed. R. Civ. P. 39(b), the question is not merely whether a party would otherwise be entitled to a jury trial, but whether the case is particularly suitable for a jury. *SEC v. Infinity Group Co., supra*, at 196.

Jury trials in bankruptcies are disfavored. *In re Maley Tire Co.*, 273 F.Supp. 369, 372-373 (N.D.N.Y. 1967) (untimely request for a jury trial as to an involuntary petition in bankruptcy denied despite statutory right to same under the former Bankruptcy Act). *See also 8 Moore's Federal Practice,* Section 39.31(5)(d)(iv) (Matthew Bender 3d ed.).

Complex litigation and litigation involving audits and accountings requiring attention to intricate details have been found not suitable for trial by jury in the context of a late demand for jury trial. *See Tynan v. RKO Radio Pictures*, 77 F.Supp. 238 (S.D.N.Y. 1947); *William Goldman Theaters v. Kirkpatrick*, 154 F.2d 66, 69 (3d Cir. 1946); *Paramount Pictures Corp. v. Thompson Theaters,* 621 F.2d 1088, 1090-1091 (10th Cir. 1980). The instant case involves over $1,000,000 in payments against invoices issued by IEI to Inacom during the preference period. The application of ordinary course and new value defenses asserted by IEI involve a detailed accounting analysis of years' worth of voluminous invoices and payment applications.

Additionally, IEI asserts that Inacom was not insolvent at the time it made the preferential transfers, a *prima facia* element of Plaintiff's case. 11 U.S.C. § 547(b)(3). In the context of a preference action, insolvency is not a mere balance sheet test. Rather, insolvency is

defined at 11 U.S.C. § 101(32)(a) as the "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of—(i) property transferred, concealed, or removed with intent to hinder, delay or defraud such entity's creditors; and (ii) property that may be exempted from property of the estate under Section 522 of this title."

It is anticipated that complex and conflicting accounting and valuation expert testimony will be offered by both parties at trial as to the issue of insolvency so as to demonstrate the nature of Inacom's assets and liabilities at a fair valuation, which issue is not well suited for consideration by a jury. Due to complicated financial issues, Inacom failed to state its earnings in the fourth quarter of 1999 and advised it would restate prior quarter earnings.

Hence, since IEI has not demonstrated that the present case is particularly suitable for trial by a jury, it has not met its burden as to the first factor.

### B.  Second Factor

The second factor for consideration is whether granting the Motion would disrupt the schedule of the Court or the adverse party. The Lexmark Motion, without any basis, states, "It would not." However, none of the parties is sufficiently informed as to whether granting the Motion would disrupt the schedule of the Court, because neither party knows whether or not it would. Clearly, a trial by jury will take longer than a bench trial, both by reason of the time required to impanel a jury and for deliberations, as well as the fact that presentation of complex issues to a jury will assuredly take longer than such a presentation to the Court. Only the Court

can make the determination as to whether its schedule will be disrupted by reason of the imposition of a jury trial into a calendar set for bench trials.

### C. Third Factor

The third factor is whether any prejudice would result to the adverse party if the Motion is granted. The answer is yes.

Fact discovery was required to be completed on or before March 31, 2005, expert disclosures on or before April 25, 2005, and expert rebuttal reports on or before May 20, 2005.

IEI is seeking to present this action before a jury to tap the inherent perception of unfairness as claimed by defendants pursued in a preference action. Defendants and lay people generally do not understand why a creditor, who was merely paid for his delivered goods or services, must disgorge apparently well earned money just because the payor filed for bankruptcy protection within 90 days of the payment. Such a result just does not seem fair or equitable absent an understanding of the legislative intent behind 11 U.S.C. § 547.

Plaintiff has directed discovery and its actions in this case for nearly three years based upon the assumption that the matter would be tried by the Court, and that there would be no need to retain an expert witness to explain the legislative intent behind 11 U.S.C. § 547 and to alleviate the inherent prejudice against such actions. Now, if IEI's Motion is granted, it is too late for Plaintiff's counsel to retain and designate an expert to review the issue and render an opinion. Clearly, it would appear that IEI's sole reason for wanting a jury trial is to take advantage of the fact that, without an understanding of the rationale behind preference actions, lay persons would find such actions inherently unfair.

Confirming the prejudice suggested by Inacom, the Lexmark Motion asserts that prejudice is usually found only if a motion for a jury trial is made after the completion of discovery and on the eve of trial. Here, discovery and expert submissions are complete. The joint pretrial order is due to be filed on or before August 15, 2005, meaning that work on the document must begin in early July. It is inconceivable that the parties could be required to shift gears to prepare for a jury trial at this late juncture in these matters.

Moreover, prejudice is often found where jury trial motions are made much earlier in an action. In *Katzenmoyer v. City of Reading*, 2001 W.L. 1175139 (E.D.Pa.) (copy attached at Tab 1), the plaintiff filed a motion for a jury trial which was heard on August 6, 2001. At that time, there were three weeks left before the discovery cut off and trial was not scheduled to begin until November, 2001.

Denying the motion for relief from waiver of a trial by jury, the Court stated:

> Changing from a non-jury trial to a jury trial this far into the case would disrupt the scheduling of this case. While it is true that there are several weeks left in discovery, defendants would nonetheless be prejudiced because they have already made strategic decisions with respect to the scope of discovery based upon the assumption of bench trial [fn.2] *Ballas v. City of Redding*, Order – Mem. June 12, 2001, at 3. In particular, defendants note that if a jury trial is now granted, it would want to secure an expert report, something they did not pursue for a bench trial. Thus, even though discovery has not yet ended, the few remaining weeks would likely be insufficient to accommodate the change from a bench trial to a jury trial.

Finally, a jury trial would be more expensive to the Debtor's post-confirmation estate than a bench trial by reason of the need to prepare jury instructions, motions in limine not

necessary in a bench trial, the time to impanel a jury and anticipated additional time to present evidence. Increased costs to a party are to be considered in the context of a motion under Fed.R.Civ.P. 39(b). *See Hare v. H&R Industries, Inc.*, 3002 WL 722514 (E.D.Pa.) (Attached at Tab 2).

IEI does not prevail on the third factor.

D.   **Fourth Factor**

The fourth factor is how long the party delayed in bringing the motion. The time for IEI to have demanded a jury trial was ten days after it filed its answer in July, 2002, almost three years ago.

The length of delay in filing a motion for relief is an extremely important factor, and long delays are rarely excused. *United States v. Lochamy*, 724 F.2d 494 (5th Cir. 1984) (21 month delay); *Olund v. Swarthout*, 459 F.2d 999 (6th Cir.), cert. den'd, 409 U.S. 1008 (1972), reh'g denied, 409 U.S. 1119 (1973) (4 ½ year delay precludes relief); *Boice v. United States*, 87 FRD 494 (D.Ariz. 1980) (10-month delay); *Parrott v. Wilson* 707 F.2d 1262 (11th Cir., cert. den'd. 464 U.S. 936 (1983) (18-month delay). See also *8 Moore's Federal Practice*, Section. 39-.31[5][d][i].

Trial is only four months away. IEI delayed filing its motion without justification for nearly three years after it waived its right to a jury trial. In light of the prejudice to be suffered by Inacom as noted above, IEI should not prevail as to the fourth factor.

E.   **The Fifth Factor**

The last factor to consider is the reasons for the failure to file a timely demand.

Again, IEI has not offered any reasons for its failure to file a timely demand. The sole reason asserted by Lexmark is that it would have been "ineffective" because the Bankruptcy Court had no authority to conduct jury trials. The fact of the matter is that defendants in adversary proceedings often timely demand trial by jury and move to withdraw the reference so that a jury trial could be pursued in the District Court. Neither Lexmark nor IEI merely failed to do so.

Further, IEI does not explain at all why it didn't file its motion after the reference was withdrawn on June 28, 2004, almost one year ago, or shortly after September 27, 2004, when Lexmark announced to the Court that it was "considering" moving the Court for a trial by jury, or even in February, 2005, when Lexmark filed its jury trial motion.

Although the Fifth, Seventh and Eighth Circuits tend to grant motions for trial by jury absent strong and compelling reasons to the contrary, the Second and Ninth Circuits hold that inadvertence in and of itself is inadequate to grant a motion for a jury trial absent special circumstances. The Third Circuit has, despite Lexmark's assertion that it has not, addressed the issue of whether the failure to timely demand a jury trial because of mere inadvertence or mistake requires denial of a motion for a trial by jury under Fed.R.Civ.P. 39(b). In *SEC v. Infinity Group Company, supra*, at 195, the Third Circuit noted that courts in this Circuit generally deny relief when "the only basis for such relief advanced by the requesting party is the inadvertence or oversight of counsel," but further states that, "this is not a mechanical rule," and that the five factors discussed above need to be examined.

Lexmark's citation to *Richardson v. Advanced Pulver Systems, Inc.*, No. 01-CV-3459, 2002 U.S. Dist. LEXIS 12145 (E.D.Pa. March 12, 200), for the proposition that mere

inadvertenance alone can justify the granting of relief does not apply here. In *Richardson v. Advanced Pulver Systems, Inc.,* the Court granted the relief not on that basis alone, but because *all* of the four remaining factors were determined in the movant's favor.

In this case, IEI cannot prevail on at least four of the five factors, and only the Court can address the second factor (disruption of the schedule of the Court). As at least four of the five factors weigh in favor of denial of IEI's motion, the motion should be denied.

## IV.
## CONCLUSION

For the reasons set forth above, IEI's Motion for Jury Trial should be denied.

Dated:  June 3, 2005            PACHULSKI, STANG, ZIEHL, YOUNG, JONES
                                & WEINTRAUB P.C.

                                _____
                                Laura Davis Jones (Bar No. 2436)
                                Andrew W. Caine (CA Bar No. 110345)
                                Jeffrey P. Nolan (CA Bar No. 158923)
                                Sandra McLamb (Bar No. 4283)
                                919 North Market Street, 16th Floor
                                P.O. Box 8705
                                Wilmington, DE  1989908705
                                Telephone:  302-652-4100
                                Facsimile:  302-652-4400

                                Counsel for Plaintiffs Inacom Corp., on behalf of All Affiliated Debtors