UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., et al.<br><br>    **Plaintiffs**<br>v.<br><br>TECH DATA CORP.<br><br>    **Defendant** | **Civil Action No. 04-CV-148 (GMS)** |
| INACOM CORP., et al.<br><br>    **Plaintiffs**<br>v.<br><br>DELL COMPUTER CORP.<br><br>    **Defendant** | **Civil Action No. 04-CV-582 (GMS)** |
| INACOM CORP., et al.<br><br>    **Plaintiffs**<br>v.<br><br>LEXMARK INTERNATIONAL, INC.<br><br>    **Defendant** | **Civil Action No. 04-CV-583 (GMS)** |

SL1 544915v1/04907.003

DKT. NO. 40
DT. FILED 5/27/05

| | |
|---|---|
| INACOM CORP., et al.<br><br>Plaintiffs<br>v.<br><br>INGRAM ENTERTAINMENT INC.<br><br>Defendant | Civil Action No. 04-CV-593 (GMS) |

## CONSOLIDATED REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR THE COURT TO CONSOLIDATE FOR TRIAL, PURSUANT TO FRCP 42(a), FOUR ACTIONS PENDING ON THE COURT'S DOCKET

James F. Harker (No. 255)
Herlihy, Harker & Kavanaugh
1400 North Market Street, Suite 200
P.O. Box 1597
Wilmington, Delaware 19899

Charles M. Tatelbaum
Stephen C. Hunt
Adorno & Yoss, L.L.P.
350 East Las Olas Blvd., 17th Floor
Fort Lauderdale, Florida 33301

Attorneys for Defendant
Tech Data Corp.

Patricia P. McGonigle (No. 3126)
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, Delaware 19899

Sabrina L. Streusand
G. James Landon
Texas State Bar No. 11701700
Hughes & Luce, L.L.P.
111 Congress Avenue, Suite 900
Austin, Texas 78701

Attorneys for Defendant
Dell Computer Corp.

Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 425-3307
Fax: (302) 654-5181

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100
Fax: (502) 568-5700

Attorneys for Defendant
Lexmark International, Inc.

Thomas G. Macauley (No. 3411)
Zuckerman Spaeder LLP
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware 19899-1028
Tel.: (302) 427-0400
Fax: (302) 427-8242

Jonathan P. Hersey
Bingham McCutchen LLP
600 Anton Blvd., 18th Floor
Costa Mesa, California 92626

Attorneys for Defendant
Ingram Entertainment Inc.

Dated May 27, 2005

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ....................................................................................... ii

I.   INTRODUCTION ............................................................................................. 1

II.  ARGUMENT AND AUTHORITIES ............................................................... 1

    A.  Consolidation Of The Ordinary Course Defenses For Trial Is Appropriate And Will Avoid Unnecessary Costs And Delay ............ 2

    B.  Consolidation Of The Third Party Complaints is Warranted ............ 4

    C.  Consolidation Of The Actions Before A Single Jury Is Proper ........ 4

III. CONCLUSION .................................................................................................. 5

# TABLE OF AUTHORITIES CITED

**Cases**                                                                                           **Page**

*Cedars-Sinai Medical Center v. Revlon, Inc.*, 111 F.R.D. 24 (D. Del. 1986) ...................... 4

*Nigro v. Pittsburgh Post-Gazette (In re Appliance Store)*,
171 B.R. 525 (Bankr. W.D. Pa. 1994) ........................................................................... 2

**Rules of Procedure**

*Fed.R.Civ.P. 42(a)* ........................................................................................... 1, 2, 4

**Statutes**

11 U.S.C. § 547(b)(5) ...................................................................................... 1, 4

## I. INTRODUCTION

On May 10, 2005 Defendants Tech Data Corp. ("Tech Data"), Dell Computer Corp. ("Dell"), Lexmark International, Inc. ("Lexmark") and Ingram Entertainment Inc. ("Ingram") (collectively "Defendants"), pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), filed their joint motion ("Motion") for the Court to consolidate for trial the four actions referenced in the caption of this reply. (Motion / D.I. 38, 35, 36 and 22 respectively). On May 20, 2005 InaCom Corp. and counsel for Executive Sounding Board Associates, Inc. (collectively "InaCom") filed a response ("InaCom Response") in opposition to the Motion. (InaCom Response / D.I. 40, 39, 38 and 24 respectively). On May 25, 2005 Hewlett-Packard Company ("HP") filed its response ("HP Response") to the Motion. (HP Response / D.I. 41, 40, 39 and 25 respectively). This is the Defendants' consolidated reply.

## II. ARGUMENT AND AUTHORITIES

Both InaCom and HP acknowledge that at least partial consolidation is appropriate. InaCom agrees with the Defendants that the actions should be consolidated as to the issue of insolvency. (InaCom Response ¶ 3). HP does not dispute that the third-party claims asserted by Lexmark and Tech Data should be tried together. (HP Response at 11).

InaCom asserts that the various elements of 11 U.S.C. § 547(b) must be proved as to each Defendant. (InaCom Response ¶ 6). Nevertheless, aside from the insolvency burden under 11 U.S.C. § 547(b)(3), the Defendants do not contest the other section 547(b) elements with one exception discussed below relating to the third-party claims.

1

Indeed, for practical purposes, these four actions involve only three issues for trial: insolvency, ordinary course of business and third-party claims.

While InaCom admits that depositions pertaining to the insolvency issue were jointly conducted, it denies that discovery was de facto consolidated.[1] (InaCom Response ¶ 4). Throughout the course of discovery, however, InaCom's dealings with the Defendants have largely been on a group basis. Despite this fact, InaCom asserts that separate trials are needed on all issues other than insolvency to ensure that it receives a fair trial. (InaCom Response ¶ 5). Similarly, HP opposes the consolidation of Lexmark and Tech Data's third party complaints with the preference actions. Accordingly, the Defendants' Reply will only address consolidation for trial of the ordinary course defenses and the third party complaints and the Defendants' request for a single jury trial in the consolidated actions.

### A. Consolidation Of The Ordinary Course Defenses For Trial Is Appropriate And Will Avoid Unnecessary Costs And Delay

InaCom filed virtually identical complaints against the Defendants seeking to recover allegedly preferential payments made by it during the ninety-day period preceding the filing of its petition. (Complaint ¶ 7); *see also, Nigro v. Pittsburgh Post-Gazette (In re Appliance Store)*, 171 B.R. 525, 528 (Bankr. W.D. Pa. 1994) (holding that judicial economy and convenience would be furthered by the consolidation of two adversary proceedings pursuant to Fed. R. Civ. P. 42(a) where the trustee made "virtually identical" allegations in the two complaints and sought the same relief). InaCom further

---

[1] InaCom points to the fact that the Defendants did not jointly attend all of the noticed depositions as evidence that discovery did not proceed on a consolidated basis. InaCom's Response fails to disclose, however, that the Defendants jointly attended the depositions of all adverse witnesses. The only depositions that the Defendants did not jointly attend were those noticed for witnesses affiliated with one of the Defendants.

2

acknowledges that only three of the four Defendants – Dell, Lexmark and Ingram – will be asserting an ordinary course defense at trial if InaCom is found to have been insolvent on the dates that the respective transfers to the individual Defendants were made. (InaCom Response ¶ 2, 4). Nevertheless, InaCom contends that the ordinary course defenses of Dell, Lexmark and Ingram involve facts unique to each Defendant and therefore may not be consolidated for trial as doing so would be "confusing." (InaCom Response ¶ 5). InaCom makes much of the number of invoices underlying its transactions with each Defendant and that the vendor accounts were managed by different accounts payable personnel. (InaCom Response ¶¶ 7, 8). However, InaCom has not stated that it will be calling different witnesses to testify as to the ordinary course of business between it and Dell, Lexmark and Ingram respectively. (*Id.* ¶ 8). Indeed, InaCom has submitted the same expert report to the three Defendants indicating that if the actions are not consolidated the Court will be forced to listen to testimony by the same witness on three separate occasions.

Lexmark and Ingram will each be relying on the testimony of in-house witnesses to establish their ordinary course defense and Dell has retained an expert. All three ordinary course witnesses will be presenting an overview of the transactions that took place between the respective Defendant and InaCom before and during the ninety-day preference period as opposed to an invoice by invoice analysis. Consolidation will permit the Defendants to rely on the testimony of one another's witnesses and simultaneously demonstrate that the transactions were made according to ordinary business terms.

Finally, a common factual issue on the applicability of the three asserted ordinary course defenses will be InaCom's practice of writing but holding checks payable to vendors. (See HP Response at 5). For these reasons, consolidation of the ordinary course defenses will save the Court and the parties from unnecessary costs and delays.

### B. Consolidation Of The Third-Party Complaints is Warranted

The claims asserted by Lexmark and Tech Data in their respective third-party complaints against the Hewlett-Packard Company ("HP") as successor in interest for ITY Corp., Custom Edge, Inc. and Compaq Computer Corp., are also virtually identical. HP does not dispute the identical nature of the two complaints nor does it deny that they should be tried together. Indeed, HP has not moved to bifurcate the actions. Rather, HP opposes consolidation of the third-party complaints with the preference actions because the evidence presented will concern InaCom's solvency and the ordinary course of business between InaCom and Lexmark and Tech Data respectively. However, InaCom's transactions with Lexmark and Tech Data are relevant because HP agreed to assume responsibility for them, which goes to InaCom's burden of proof under 11 U.S.C. § 547(b)(5). HP will not be prejudiced by consolidation because as InaCom's largest unsecured creditor the Court can expect it to be present at any trial on the preference claims. Indeed, HP has attended many of the depositions in this case regarding the issue of solvency, which has no connection to the third-party claims.

### C. Consolidation Of The Actions Before a Single Jury Is Proper

Pending before the Court are Dell, Lexmark and Ingram's motions requesting a trial by jury pursuant to Fed. R. Civ. P. 42(a).[2] The fact that Tech Data may have waived

---

[2] Lexmark filed its motion for the court to order a trial by jury on February 9, 2005 (D.I. 36); Dell on May 12, 2005 (D.I. 37); and Ingram on May 26, 2005 (D.I. 26).

4

its right to a jury trial in the preference action should not affect the Court's decision when determining whether to consolidate the four actions for a single jury trial. *Cedars-Sinai Medical Center v. Revlon, Inc.*, 111 F.R.D. 24, 32 (D. Del. 1986). In its response InaCom contends that the Defendants are not entitled to a jury trial and that if the actions were to be consolidated before a single jury that jury would be easily confused by the data presented in an ordinary course defense. (InaCom Response at 9 n. 4). This is a highly speculative argument. It is in the best interests of all the parties to introduce evidence in a form that is easy to understand. As such, no confusion or prejudice will result if the actions are consolidated before a single jury for trial.

## III. CONCLUSION

While InaCom opposes the Defendants' Motion for consolidation for trial, it will not be prejudiced if all of the issues arising from the complaints it brought against each of the four Defendants are consolidated before a single trier of fact. The four complaints are virtually identical and involve common questions of law and fact. The same is also true for Lexmark and Tech Data's third party complaints against HP. If consolidation of all issues pending before the court is not ordered the parties and the Court will face unnecessary expense and delay and there is a risk that the Defendants will be prejudiced by inconsistent holdings.

May 27, 2005

Respectfully submitted,

_____
James F. Harker (No. 255)
Herlihy, Harker & Kavanaugh
1400 North Market Street, Suite 200
P.O. Box 1597
Wilmington, Delaware 19899

and

Charles M. Tatelbaum
Stephen C. Hunt
Adorno & Yoss, L.L.P.
350 East Las Olas Blvd., 17th Floor
Fort Lauderdale, Florida 33301

Attorneys for Defendant
Tech Data Corp.


_____
Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 425-3307
Fax: (302) 654-5181

and

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100
Fax: (502) 568-5700

Attorneys for Defendant
Lexmark International, Inc.

_____
Patricia P. McGonigle (No. 3126)
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, Delaware 19899

and

Sabrina L. Streusand
G. James Landon
Texas State Bar No. 11701700
Hughes & Luce, L.L.P.
111 Congress Avenue, Suite 900
Austin, Texas 78701

Attorneys for Defendant
Dell Computer Corp.


_____
Thomas G. Macauley (No. 3411)
Zuckerman Spaeder LLP
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware 19899-1028
Tel.: (302) 427-0400
Fax: (302) 427-8242

and

Jonathan P. Hersey
Bingham McCutchen LLP
600 Anton Blvd., 18th Floor
Costa Mesa, California 92626

Attorneys for Defendant
Ingram Entertainment Inc.

**CERTIFICATE OF SERVICE**

Thomas G. Whalen, Jr. hereby certifies that on May 27, 2005 a true and correct copy of the foregoing *REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR THE COURT TO CONSOLIDATE FOR TRIAL, PURSUANT TO FRCP 42(a), FOUR ACTIONS PENDING ON THE COURT'S DOCKET* was served upon the following counsel of record, each via regular United States first class mail:

William H. Sudell, Jr., Esquire
Derek C. Abbott, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, Delaware 19899-1347

and

Cecily Dumas, Esquire
Friedman Dumas & Springwater, LLP
One Maritime Plaza, Suite 2475
San Francisco, California 94111

*Counsel for Third-Party Defendant
Compaq Computer Corporation*

William J. Burnett
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, Delaware 19801-4226

and

Earl M. Forte
Blank Rome LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6998

*Counsel for Statutory Committee
of Unsecured Creditors of InaCom Corp.*

Laura Davis Jones, Esquire
Sandra McLamb, Esquire
Pachulski, Stang, Ziehl, Young,
  Jones & Weintraub P.C.
919 North Market Street, 16th Floor
Wilmington, Delaware 19899

and

Andrew W. Caine, Esquire
Jeffrey P. Nolan, Esquire
Pachulski, Stang, Ziehl, Young,
  Jones & Weintraub P.C.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067

*Counsel for Plaintiff
InaCom Corp.*

_____
Thomas G. Whalen, Jr.

SL1 544896v1/04907.003