IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | |
| | ) | **Chapter 11** |
| **INACOM CORP**, *et al.*, | ) | |
| | ) | **Case No. 00-2426 (PJW)** |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| **INACOM CORP.**, on behalf of all affiliated Debtors, | ) | **Civil Action No. 04-593 GMS** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **INGRAM ENTERTAINMENT, INC.**, as successor in interest to **NASHVILLE COMPUTER LIQUIDATORS**, | ) | **[Related to Docket No. 26]** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT INGRAM ENTERTAINMENT INC.'S
REPLY IN SUPPORT OF MOTION FOR JURY TRIAL**

**I. INTRODUCTION**

Plaintiff InaCom admits that: (1) defendants, such as Ingram Entertainment, who have not filed a proof of claim in a bankruptcy case have a constitutional right to a jury trial of a debtor/plaintiff's claim for return of allegedly preferential payments pursuant to 11 U.S.C. §§ 547 and 550; (2) defendant Lexmark International demanded a jury several months before the close of fact discovery and expert disclosures; (3) InaCom's claims against Ingram Entertainment, Lexmark International, Tech Data Corporation and Dell Computer should be consolidated for trial

at least as to the issue of InaCom's solvency at the time of the alleged preferential payments; and (4) when two or more cases are consolidated and one is entitled to a jury trial, the court may, and absent extreme circumstances should, exercise its discretion to have all consolidated claims resolved by the jury. In short, InaCom concedes that to the extent Lexmark International is entitled to a jury, so too is Ingram Entertainment.

InaCom's assertion that it will be unfairly prejudiced by a jury trial of the consolidated claims is unsupported by the facts or law. InaCom concedes it was aware of the jury demand months before the close of fact discovery and expert witness disclosures. Even if InaCom had decided to retain an "expert" to opine on the legislative intent of the Bankruptcy Code, the expert's opinion about the law -- which is the Court's province -- would not be admissible. Certainly the mere fact that InaCom would have to prepare proposed instructions and motions in limine, which all parties to a jury trial must do, does not tip the balance in favor of rejecting the defendants' constitutional right to a jury trial.

The defendants' Motions should be granted.[1]

## II. ARGUMENT

Contrary to InaCom's assertion, the factors to be considered by the Court in determining whether to exercise its discretion to grant the defendants' request for a jury trial weigh in favor of granting the Motion. *See SEC v. The Infinity Group Co.*, 212 F.3d 180, 196 (3d Cir. 2000) (describing five-factor test under Federal Rule of Civil Procedure 39(b)).

### A.    The Consolidated Cases Are Suitable for a Jury Trial.

InaCom's contention that the claims and defenses in these cases are not suitable for a jury because they involve financial accounting is specious. The "intricate

---

[1] The substance of InaCom's Response is virtually identical to its Response to Lexmark International's Motion, to which Ingram Entertainment joined. Ingram Entertainment therefore incorporates the arguments submitted by Lexmark International in its Reply in support of this Motion.

details" of the parties' invoices and payments are not in dispute. For example, although the amount in controversy in this matter exceeds $1,000,000, it only involves *three* checks covering 30 invoices. Neither the amounts of the checks nor the dates of their issuance appear to be disputed. Instead, the controversy rests on whether the payments -- as the parties likely agree they were made -- fall within the parties' ordinary course of prior dealings. Contrary to what InaCom would have the Court believe, whether this case is tried to the Court or a jury, it will almost certainly not require a separate ruling on hundreds of different invoices.

Moreover, the question of whether InaCom was solvent at the time of the alleged transfers is not a matter beyond the grasp of a jury. Juries are entrusted with sophisticated disputes, such as patent infringement and class action securities cases, on a regular basis. This case is not so complex as to require a bench trial. Both parties have retained experts to present the issues in a reasonable and comprehensible way. InaCom provides no reason or support for its contention that a jury would be incapable of evaluating the evidence or the parties' arguments and then reaching a just verdict.

These matters are not only suitable for a jury trial, InaCom admits that the defendants have a constitutional right to present their defenses to a jury. Absent extreme prejudice, which InaCom cannot show, the Motion should be granted.

      **B.**    **InaCom Would Not Be Unfairly Prejudiced by a Jury Trial.**

As previously discussed, InaCom knew of at least one defendant's intention to demand a jury trial back in September 2004. Lexmark International filed its Motion well before the close of fact discovery, and months before the expert disclosures were required. InaCom cannot demonstrate sufficient prejudice to overcome the defendants' constitutional right to a jury.

InaCom's assertion that it "directed discovery and its actions in this case

for nearly three years" based on the assumption that the matter would be tried by the Court lacks credibility. During the first year of the litigation before the Bankruptcy Court, the parties engaged in written discovery and exchanges of documents. InaCom then asked for and obtained a year-long stay depositions. Depositions did not commence until December 2004, after the case was returned to the District Court. In addition, as its expert reports show, InaCom did not even retain some of its experts until March 2005 -- which was a full month *after* Lexmark International had already filed its motion for a jury trial. InaCom cannot point to a single decision in the way it conducted discovery to support its claim that the defendants' request for a jury trial would unfairly prejudice its trial strategy. Even if InaCom had decided to retain an expert to offer an opinion about the legislative intent underlying the Bankruptcy Code, the expert's opinion would likely not even be admissible. *See United States v. All Funds on Deposit in United Bank of Switzerland*, 2003 U.S. Dist LEXIS 101, *6 n.1 (S.D.N.Y. 2003) (attached hereto as Exhibit A); *accord Weiner v. Fisher*, 67 Pa. D. & C. 4th 1, 10 (Pa. D. & C. 4th 2004) (when a statute's meaning is plain, expert testimony exploring the statute's legislative history is unnecessary and a violation of the law governing statutory construction, which is reserved for the court).

### C. The Timing of the Motion Does Not Justify Denying a Jury Trial.

InaCom suggests that the length of delay in filing a motion for jury trial is "an extremely important factor," but does not articulate why. For the reasons discussed above, InaCom fails to demonstrate any prejudice that will arise from the granting of this Motion. Trial is still more than four months away, which is ample time to prepare witnesses and documents for presentation to the jury.

InaCom agrees that the matters against Ingram Entertainment, Lexmark

International, Dell Computer and Tech Data should be consolidated, at least for the purposes of resolving the question of whether InaCom was solvent at the time of the alleged preferential payments. For the same reasons that InaCom was not prejudiced by the timing of Lexmark's motion, it is not prejudiced by Ingram Entertainment's joinder in that motion.

### III. CONCLUSION

For the foregoing reasons, and for the reasons expressed by Lexmark International, Ingram Entertainment's Motion for a Jury Trial should be granted.

Dated: Wilmington, Delaware
June 10, 2005

ZUCKERMAN SPAEDER LLP

*Elizabeth D. Power*
Thomas G. Macauley (ID No. 3411)
Elizabeth D. Power (ID No. 4135)
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware 19899-1028
Tel.: (302) 427-0400
Fax: (302) 427-8242

- and-

Jonathan P. Hersey
(CA Bar No. 189240 - not admitted in Delaware)
BINGHAM McCUTCHEN LLP
600 Anton Blvd., 18th Floor
Costa Mesa, California 92626
Tel.: (714) 830-0600
Fax: (714) 830-0700

Attorneys for Defendant
INGRAM ENTERTAINMENT INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS, L.P.