# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re        ) | |
|        ) | |
| INACOM CORP., *et al.*,    ) | |
|       Debtors.    ) | |
|        ) | |
| _____ ) | |
|        ) | |
| INACOM CORP., on behalf of all affiliated Debtors, ) | Civil Action No. 04-593 (GMS) |
|        ) | |
|       Plaintiffs, ) | |
|        ) | |
|    v.    ) | |
|        ) | |
| INGRAM ENTERTAINMENT INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS, L.P., ) | |
|        ) | |
|       Defendant. ) | |

## DEFENDANT INGRAM ENTERTAINMENT INC.'S
## PROPOSED VERDICT FORM

Defendant Ingram Entertainment Inc. ("Ingram"), pursuant to Federal Rule of Civil Procedure 49, D. Del. LR 51.1 and the Court's Scheduling Order, files the attached proposed verdict form in triplicate and on diskette.

DATED: August 15, 2005

By: /s/ Thomas G. Macauley_____ _____
    Thomas G. Macauley (ID No. 3411)
    ZUCKERMAN SPAEDER LLP
    919 Market Street, Suite 990
    P.O. Box 1028
    Wilmington, Delaware  19899-1028
    Tel.: (302) 427-0400
    Fax: (302) 427-8242

    -and-

Jonathan P. Hersey (CA Bar No. 189240)
Scott B. Lieberman (CA Bar No. 208764)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA  92626
Telephone:  (714) 513-5100
Facsimile:  (714) 513-5130

Attorneys for Defendant
INGRAM ENTERTAINMENT INC., as
successor in interest to NASHVILLE
COMPUTER LIQUIDATORS, L.P.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| INACOM CORP., *et al.*, | ) | |
| Debtors. | ) | |
| | ) | |
| ———————————————— | ) | |
| | ) | |
| INACOM CORP., on behalf of all affiliated Debtors, | ) | Civil Action No. 04-593 (GMS) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INGRAM ENTERTAINMENT INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS, LP, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

## VERDICT FORM

We, the jury in this action, unanimously find the following:

## QUESTION NO. 1

Did Plaintiff prove by a preponderance of the evidence that Inacom was insolvent at the time of each of the transfers to Nashville Computer Liquidators (predecessor to Ingram Entertainment Inc.)?

Answer "Yes" or "No":     _____

*If your answer to Question No. 1 is "Yes," then please proceed to answer Question No. 2.  If your answer to Question No. 1 is "No," skip all remaining questions and date and sign this Verdict Form.*

## QUESTION NO. 2

Did Defendant prove by a preponderance of the evidence that all the transfers to Nashville Computer Liquidators were made in the ordinary course of business between the parties and according to ordinary business terms in the industry?

Answer "Yes" or "No":     _____

*If your answer to Question No. 2 is "Yes," skip all remaining questions and date and sign this Verdict Form.  If your answer to Question No. 2 is "No," then please proceed to answer Question No. 3.*

## QUESTION NO. 3

Of the total $1,109,086 of transfers made by Inacom to Nashville Computer Liquidators during the preference period transfer, what amount of transfers was not made in the ordinary course of business between the parties and according to ordinary business terms in the industry?

Answer in Dollars:      $_____

*Please proceed to Question No. 4.*

## QUESTION NO. 4

Did Defendant prove by a preponderance of the evidence that Nashville Computer Liquidators provided new value to Plaintiff subsequent to the time of the transfers made by Inacom to Nashville Computer Liquidators?

Answer "Yes" or "No":      _____

*If your answer to Question No. 4 is "Yes," please proceed to answer Question No. 5.  If your answer to Question No. 4 is "No," then please skip Question No. 5 and date and sign this Verdict Form.*

## QUESTION NO. 5

How much subsequent new value, in dollars, did Nashville Computer Liquidators provide to Plaintiff?

Answer in Dollars:      $_____

Dated: _____.

_____
Jury Foreperson

W02-OC:3JPH1\41400671.1

-4-