# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| INACOM CORP., *et al.*, | ) | |
| Debtors. | ) | |
| | ) | |
| ——————————————————— | ) | |
| | ) | |
| INACOM CORP., on behalf of all affiliated Debtors, | ) | Civil Action No. 04-593 (GMS) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INGRAM ENTERTAINMENT INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS, L.P., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT INGRAM ENTERTAINMENT INC.'S
## PROPOSED JURY INSTRUCTIONS

Defendant Ingram Entertainment Inc. ("Ingram"), pursuant to D. Del. LR 51.1 and the Court's Scheduling Order, files the attached Proposed Jury Instructions[1] in triplicate and on diskette.  Plaintiff has not provided Ingram with any proposed jury instructions.  Ingram therefore reserves the right to supplement or amend these proposed instructions.

DATED:  August 15, 2005                By:   /s/ Thomas G. Macauley
                                              Thomas G. Macauley (ID No. 3411)
                                              ZUCKERMAN SPAEDER LLP
                                              919 Market Street, Suite 990
                                              P.O. Box 1028
                                              Wilmington, Delaware  19899-1028
                                              Tel.: (302) 427-0400
                                              Fax: (302) 427-8242

---

[1]    The parties have agreed to stipulate that certain elements of Plaintiff's preference claims and Ingram's defenses have been met.  Should these stipulations not be entered, Ingram reserves the right to supplement and/or amend these Proposed Jury Instruction to include such elements.

-and-

Jonathan P. Hersey (CA Bar No. 189240)
Scott B. Lieberman (CA Bar No. 208764)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA  92626
Telephone:  (714) 513-5100
Facsimile:  (714) 513-5130

Attorneys for Defendant
INGRAM ENTERTAINMENT INC., as
successor in interest to NASHVILLE
COMPUTER LIQUIDATORS, L.P.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| INACOM CORP., *et al.*, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| INACOM CORP., on behalf of all affiliated Debtors, | ) | Civil Action No. 04-593 (GMS) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INGRAM ENTERTAINMENT INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## JURY INSTRUCTIONS

## PRELIMINARY INSTRUCTIONS AFTER SELECTION
## OF THE JURY AND BEFORE OPENING STATEMENT

### INTRODUCTION

Members of the jury: Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

### THE PARTIES AND THEIR CONTENTIONS

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

The parties in this case are the Plaintiff, Inacom Corp. ("Inacom" or "Plaintiff") and the Defendant, Ingram Entertainment Inc. ("Ingram" or "Defendant"). Ingram is a successor to a former company known as Nashville Computer Liquidators, L.P. or "NCL."

In this case, Inacom alleges that certain payments made by Inacom to NCL during the 90-day period prior to the filing of Inacom's bankruptcy case can be "avoided" and recovered by Inacom as preferences. The payments were made by Inacom to NCL for computer products and services NCL sold and Inacom accepted and retained.

Plaintiff contends that Inacom was insolvent at the time of the payments. NCL denies that Inacom was insolvent at the time of the payments and that the payments were preferences. NCL further contends that the payments were made in the ordinary course of business so that by law they cannot be set aside or avoided. NCL also contends that it provided new value to Inacom subsequent to the payments and should be accorded a defense in the amount of such new value.

## DUTIES OF THE JURY

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

## EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court -- you may not ask questions). Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1.      Statements, arguments, and questions by lawyers are not evidence.

-2-

2.      Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.      Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

## CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness' credibility.  You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all.  But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.  This instruction applies to the testimony of all witnesses, including expert witnesses.

## SUMMARY OF APPLICABLE LAW

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.  But in order to help you follow the evidence, I will now give you a brief summary of the elements which Plaintiff Inacom must prove to make its case.  Inacom must prove that the payments to Ingram were made at a time when Inacom was insolvent, in other words, that the fair market value of its assets were exceeded by its liabilities.

If Plaintiff does establish each element of its preference claim as to the alleged transfers, you must consider Ingram's defenses.  One such defense is that the transfers were made in the ordinary course of business.  In order to prove this defense, Ingram must show:

-4-

      a).      that the payments were made in the ordinary course of business or financial affairs between Inacom and Ingram; and

      b).      that the payments were made according to ordinary business terms.

Any transfers that fall within this ordinary course of business defense are not recoverable by the  Plaintiff.

A second defense is often referred to as the "new value" defense.  In order to prove this defense, Ingram must show:

      a).      That Ingram gave "new value" to or for the benefit of Inacom after the alleged preferential payments; and

      b).      Inacom did not make an otherwise unavoidable payment to Ingram on account of the new value received by Inacom.

If Plaintiff proves that it is entitled to recover any preferences, the amount of those recoverable transfers will be reduced by the amount of new value Ingram provided to Inacom.

## BURDEN OF PROOF

This is a civil case.  Here, the Plaintiff has the burden of proving each alleged preference by what is called a preponderance of the evidence. Should the Plaintiff do so, Ingram will similarly have the burden of proving its defenses to the alleged preferences by a preponderance of the evidence.  That means the Plaintiff on each claim, and Ingram on its defenses, have to produce evidence which, considered in the light of all the facts, leads you to believe that their claim or defenses are more likely true than not.  To put it differently, if you were to put the parties' evidence on opposite sides of a scale, the evidence supporting each claim or defense would have to make the scale tip somewhat on their side.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

## CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case with even your fellow jurors. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in

evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day.  And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

COURSE OF THE TRIAL

This trial, like most jury trials, comes in seven stages or phases.  We have already been through the first phase, which was to select you as jurors.  The remaining stages are:

(2)     These preliminary instructions to you;

(3)     Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence.  The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

(4)     The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(5)     My final instructions on the law to you;

(6)     The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

(7)     Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

## TRIAL SCHEDULE

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take five days to try. We will normally begin the day at 9:00 a.m. promptly. We will go until 1:00 p.m. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 p.m. There will be a fifteen minute break at 11:00 a.m. and another fifteen minute break at 3:15 p.m. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 p.m. We will post a copy of this schedule for your convenience in the jury deliberation room.

## SUBSTANTIVE INSTRUCTIONS AFTER CLOSE OF EVIDENCE

### PROVINCE OF THE COURT AND JURY

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.[2] You must not single out one instruction alone as stating the law, but consider the instructions as a whole.

### CLOSING ARGUMENTS

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.[3]

### INSTRUCTIONS REGARDING VERDICT FORM AND BURDEN OF PROOF

A  verdict form  has been prepared for your convenience.  You will take this form to the jury room.  Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.[4]

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance

---

[2] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).
[3] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).
[4] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[5]

If you decide that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must—decide that issue against the party that has the burden to prove the issue. That is because the party bearing the burden of proof must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence.[6]

Your foreperson will write the unanimous answer of the jury in the space provided, and will date and sign the verdict form, when completed. You will then return with the completed verdict form to the courtroom.

## LIMITING INSTRUCTIONS

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.[7]

## IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENT

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some

---

[5] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).
[6] *Porter v. American Export Lines, Inc.,* 387 F. 2d 409 (3rd Cir. 1968).
[7] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.[8]

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[9]

## CONSIDERATION OF THE EVIDENCE

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.[10]

The testimony of a single witness may be sufficient to prove any fact, even if greater number of witnesses may have testified to the contrary, of after considering all the other evidence you believe that single witness.[11]

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—proof of a chain of circumstances that indicates the

---

[8] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).
[9] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).
[10] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).
[11] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[12]

## EXPERT TESTIMONY

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.[13]

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence the he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.[14]

## NOTE TAKING

Any note that you have taken during this trial are only aids in memory. If you memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Note are not entitled to any greater weight that the recollection or impression of each juror about the testimony.[15]

---

[12] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).
[13] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).
[14] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).
[15] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

## BIAS AND SYMPATHY

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[16]

## PREFERENCE CLAIM

And now I will explain the word "preference." The bankruptcy law provides for the equality of distribution of the Debtor's assets among all creditors who have similar legal status. In order to promote that goal, the law also provides that certain payments made by the Debtor to a creditor within 90 days before the filing of the bankruptcy case may be "avoided," or set aside, since under the law such payments may be a "preference" to that particular creditor (in other words, a special treatment for that creditor) which unfairly disadvantages the other creditors. The law, therefore, provides that, if a payment is a preference, it must be paid back by the recipient so that those monies can be equally distributed among all creditors.

In this case, the Plaintiff claims that certain payments made to Nashville Computer Liquidators (sometimes referred to as "NCL" or its successor company, "Ingram") are preferences that should be paid back.

The party seeking to recover an alleged preference, the Plaintiff in this case, has the burden of proof to demonstrate that it is entitled to return of the alleged preference payment. This means that the Plaintiff must prove each and every essential part of its contentions by a "preponderance of the evidence."

---

[16] Fifth Circuit Pattern Jury Instructions § 2.13 (2005).

In order for you, the jury to find that the payments constituted avoidable preferences, you must find for the Plaintiff, by a preponderance of the evidence on each and every one of the following elements:[17]

    1.  That the defendant received a transfer of an interest in property of the debtor;

    2.  That the defendant was a creditor of the debtor at the time of the transfer;

    3.  That the transfer was made on account of an antecedent debt owed by the debtor to the defendant before the transfer was made;

    4.  That the debtor was insolvent when the transfer was made;

    5.  That the transfer was made within 90 days before the debtor's bankruptcy petition was filed; and

    6.  That the transfer enabled the defendant to receive more than it would have received if the transfer had not been made and the defendant only received as much of a payment as would have been available from the debtor's estate if the debtor had liquidated under Chapter 7 of the Bankruptcy Code.

## SOLVENCY

"Insolvent" means that at the time of the payments the sum of Inacom's debts was greater than all of its assets and property, at a fair valuation.[18]

I must caution you that Inacom's assets must be valued at what they were worth at the time of the payments and not what they turned out to be worth at some later point in time.[19] Therefore, the use of hindsight and/or the fact that Inacom subsequently filed bankruptcy to evaluate Inacom's financial condition at the time of the transfer cannot enter into the picture.[20]

---

[17] 11 U.S.C. § 547(b)(1)-(5).

[18] 11 U.S.C. § 101(32)(A).

[19] *In re Davis*, 120 B.R. 823, 825 (Bankr. W.D. Pa. 1990); *see also Total Tech. Servs., Inc. v. Whitworth*, 150 B.R. 893, 900 (Bankr. D. Del. 1993).

[20] *In re Trans World Airlines, Inc.*, 134 F. 3d 188, 197-98 (3d Cir. 1998) (quoting Lawrence P. King, 2 Collier on Bankruptcy ¶ 101.32[4], at 101-16 (15th ed. 1997)).

If, based on the evidence, you believe that the liquidation of Inacom's assets was not clearly imminent on the date of the payments, then Inacom's assets and property at the time of the payments must be valued as if Inacom were still a "going concern."[21]  This means that the assets and property  must be valued at fair market value within a realistic framework considering amounts that Inacom could have sold the assets and property for in a reasonable time assuming a willing seller and a willing buyer.[22]

A "reasonable time" is defined as an estimate of the time that a typical creditor would find optimal: not so short a period that the value of the goods is substantially impaired via a forced sale, but not so long a time that a typical creditor would receive less satisfaction of its claims, as a result of the time value of money and typical business needs, by waiting for the possibility of a higher price.[23]

In this context, fair market value is also defined as the amount that could have been realized if Inacom's aggregate assets were sold as an entirety in an arm's length transaction under the conditions at the time of the payments.[24]

In valuing Inacom's assets and property at the time of the payments, you should only use a "distressed" or "forced sale liquidation" value if you find that Inacom's business was wholly inoperative, defunct or dead on its feet as the time of the payments.[25]  Otherwise, you should use the "going concern" analysis I previously described.

---

[21] *In re Trans World Airlines, Inc.*, 134 F. 3d at, 193 ; *see also Moody v. Sec. Pac. Bus. Credit, Inc.*, 971 F. 2d 1056, 1067 (3d Cir. 1992); *In re Lids Corp.*, 281 B.R. 535, 541 (Bankr. D. Del 2002).

[22] *In re Trans World Airlines, Inc.*, 134 F. 3d at 193-94; *see also In re Lids Corp.*, 281 B.R. at 541.

[23] *In re Trans World Airlines, Inc.*, 134 F. 3d at 195 (in that case a reasonable time was twelve (12) to eighteen (18) months); *see also In re Lids Corp.*, 281 B.R. at 541.

[24] *In re Lids Corp.*, 281 B.R. at 541.

[25] *In re Art Shirt, Ltd.*, 93 B.R. 333, 341 (E.D. Pa. 1988).

Inacom's debts at the time of the payments are measured by their face value and not at market value.[26]  If you believe Inacom was a "going concern, " and not on its "deathbed" at the time of the payments, then you are instructed not to consider the costs incurred by Inacom as part of its eventual dissolution or bankruptcy filing as debt at the time of the payments.[27]

The Plaintiff is entitled to a presumption that the debtor was insolvent during the 90 days prior to the filing of its bankruptcy petition.  This means that the Defendant must present evidence sufficient to rebut the presumption in order to rebut this presumption.  "Sufficient evidence" does not require a "preponderance of the evidence."  To rebut the presumption, the Defendant need only produce evidence sufficient to shift the burden to Plaintiff to demonstrate that it was insolvent at the time of the transfers by a preponderance of the evidence.[28]

If the defendant introduces sufficient evidence to rebut the presumption, then the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the debtor was insolvent at the time of the allegedly preferential transfer.

If you, the jury, decide that the Plaintiff has not established each and every one of the elements by a preponderance of the evidence as to the payments, you must find for the Defendant Ingram.  If you determine that the elements have been established as to any payment, you should decide that those payments were preferences, which means that Ingram must pay back to the Inacom's bankruptcy estate the payments received.

---

[26] *In re Trans World Airlines, Inc.*, 134 F. 3d at 190, 196; *In re Lids Corp.*, 281 B.R. at 545.

[27] *In re Trans World Airlines, Inc.*, 134 F. 3d at 197-98.

[28] 11 U.S.C. § 547(f) (insolvency presumption); Fed. R. Evid. 301 (effect of presumption); Jones Truck Lines v. Full Service Leasing Corp., 83 F.3d 253, 258 (8th Cir. 1996) (positive net worth balance sheet sufficient to rebut presumption of insolvency); In re Koubourlis, 869 F.2d 1319, 1322 (9th Cir. 1989) (debtor's own schedules indicating that debts may not have exceeded assets sufficient to rebut presumption of insolvency); In re Emerald Oil Co., 695 F.2d 833, 838-39 (5th Cir. 1983) (defendant must show some evidence of insolvency; mere questioning of the debtor's accounting methods insufficient).

## DEFENSES

Defendant Ingram contends that, even if Inacom was insolvent on the dates of the payments, the facts and circumstances nevertheless demonstrate that the payments fit within a legally-defined exception to the rule allowing the recovery of preferences, thus permitting Ingram to keep the payments in dispute.  Ingram has the burden of proof, by a preponderance of the evidence, of the existence of  any exceptions or defenses to any preference.

## ORDINARY COURSE OF BUSINESS DEFENSE

Ingram's first defense is that the transfers were paid in the ordinary course of business between the parties and according to ordinary business terms in Ingram's industry.  You must find for Ingram on this defense if Ingram proves by a preponderance of the evidence that:[29]

a).    the payments were made in the ordinary course of business or financial affairs between Inacom and Ingram; and

b).    the payments were made according to ordinary business terms.

"Ordinary course of business or financial affairs between Inacom and Ingram" means the course of dealings between Inacom and Ingram prior to the 90-day preference period. You should examine the parties' dealings with each other and the payment history during the pre-preference period and determine whether the pre-preference relationship is comparable to the preference period relationship.  Also, the longer and more extensive the pre-preference period relationship, the more freedom the parties are allowed in departing from that relationship but still be acting within the ordinary course of business.  If the payment dates for any payment in the preference period fall within the range of payment dates during the pre-preference period, then

---

[29] 11 U.S.C. § 547(c)(2).

-17-

any such payment was made in the ordinary course of business or financial affairs between Inacom and Ingram.

"Ordinary business terms" means the practices in which company's similar in some general way to Ingram engage.[30]  Therefore, this element may be satisfied as long as the payment was made within the range of terms that encompasses the practices in which firms similar in some general way to Ingram engage and only dealings so unusual as to fall outside that broad range should be deemed extraordinary.[31]

Further, the more enduring and steady the relationship between Inacom and Ingram, the more Ingram is allowed to vary its credit terms from industry norm.[32]

If Ingram proves the two elements of this defense by a preponderance of the evidence as to any payments, then your verdict must be for Ingram with regard to the particular payments that fall within the "ordinary course of business" defense to Plaintiff's preference claims.

## NEW VALUE DEFENSE

Ingram's second defense is often referred to as the "new value" defense.  Ingram contends that Ingram and Inacom had a revolving credit relationship in which Ingram made periodic deliveries of "new value" to Inacom in the form of products and/or services, and Inacom made periodic payments therefor.

---

[30] *See In re First Jersey Sec., Inc.*, 180 F.3d 504, 513 (3d Cir. 1999) (quoting *In re Molded Acoustical Prods., Inc.*, 18 F. 3d 217, 224 (3d Cir. 1994)).

[31] *In re Cocolat, Inc.*, 176 B.R. 540, 550 (Bankr. N.D. Cal. 1995) (emphasis in original); *see also In re First Jersey Sec., Inc.*, 180 F.3d at 513; *In re Molded Acoustical Prods., Inc.*, 18 F. 3d at 220, 224; *In re Tolona Pizza Prods. Corp.*, 3 F.3d 1029, 1033 (7th Cir. 1993).

[32] *See In re Molded Acoustical Products, Inc.*, 18 F.3d at 226.

"New value" in this case means money or money's worth in goods, services or new credit.[33]

To prove this defense, Ingram must prove the following elements by a preponderance of the evidence:[34]

    a).     That Ingram gave "new value" to or for the benefit of the Inacom after the alleged preferential payments; and

    b).     Inacom did not make an otherwise unavoidable payment to Ingram on account of the new value received by Inacom.

If you find that Ingram gave new value subsequent to the alleged preferences, your inquiry does not stop here.  You also must consider whether Ingram received payment for such new value and determine whether such payment for such new value were not "otherwise unavoidable."  If Ingram proves by a preponderance of the evidence that it provided new value to Inacom subsequent to the alleged preferences and that Ingram received no unavoidable payment for such new value, then it is entitled to off-set the amount of that new value from the amount of any transfers that you find that Inacom may otherwise be entitled to recover.

## INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence.  First, select your Foreperson and then conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about conduct during trial.  After you have reached your unanimous verdicts, your Foreperson is to fill in the your answers to the questions on the verdict form.  Do not reveal your answers until such time as you are discharged, unless

---

[33] 11 U.S. C. § 547(a)(2).
[34] 11 U.S. C. § 547(c)(4).

otherwise directed by me.  You must never disclose to anyone, not even me, your numerical division on any question.[35]

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.[36]

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  You may now retire to the jury room to conduct your deliberations.[37]

W02-OC:3JPH1\41400670.1

---

[35] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).
[36] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).
[37] Fifth Circuit Pattern Jury Instructions § 3.1 (2005).