IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: INACOM CORP., et al., Debtors. | Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br>　　　　　　　Plaintiff,<br>　v.<br>INGRAM ENTERTAINMENT INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS, L.P.,<br>　　　　　　　Defendant. | Civil Action No. 04-593 (GMS)<br><br>Adversary Proceeding No. 02-3960 (PJW) |

## [PROPOSED] FINAL PRE-TRIAL ORDER

This matter having come on before the court at a pretrial conference held pursuant to Fed.R.Civ.P ("Rule") 16, and Andrew W. Caine of Pachulski, Stang, Ziehl, Young, Jones & Weintraub, 919 Market Street, 17th Floor, Wilmington, Delaware, (302) 652-4100, having appeared as counsel for plaintiff Inacom Corporation, as represented by the duly authorized Plan Administrator ("Plaintiff", "Inacom" or "Debtor"), Jonathan P. Hersey of Sheppard, Mullin, Richter & Hampton, LLP, 650 Town Center Drive, 4th Floor, Costa Mesa, California 92626, (714) 513-5100, and Thomas G. Macauley of Zuckerman Spaeder LLP, 919 Market Street, Suite 1075, Wilmington, DE 19801, (302) 427-0400 having appeared as counsel for defendant Ingram Entertainment, Inc., as successor in interest to Nashville Computer Liquidators ("Defendant" or

"Ingram") (collectively, Plaintiff and Defendant are referred to herein as the "Parties"), the following actions were taken:

## I   STATEMENT OF THE NATURE OF THE ACTION AND BASIS FOR FEDERAL JURISDICTION.

1. This is an action for avoidance and recovery of alleged preferential transfers under 11 U.S.C. §§ 547 and 550, and the Court has jurisdiction over the parties and claims set forth in this matter pursuant to 28 U.S.C. § 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Jurisdiction and venue are not disputed.

2. This is an adversary proceeding initiated under 11 U.S.C. § 547 against the Defendant for receipt of preferential transfers. The matter was removed to this Court from the United States Bankruptcy Court for the District of Delaware in September 2004.

## II   PROCEDURAL POSTURE

3. Plaintiff InaCom Corp. and its related debtors each filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") on June 16, 2000 (the "Petition Date").

4. Plaintiff filed a Complaint for Avoidance and Recovery of Preferential Transfers (the "Complaint") on May 20, 2002 against Defendant. Defendant filed its Answer on July 5, 2002. No counter-claims have been asserted.

## III   STIPULATIONS AND STATEMENTS OF FACT.

5. The following stipulations and statements were submitted and are attached to and made a part of this order:

A. **Uncontested Facts**

**General Background**

6. In or about November, 1999, Inacom was in the business of providing of information technology products and technology management services to primarily Fortune 1000 clients. Inacom distributed its products and services through a marketing network of approximately ninety (90) business centers throughout the United States. Inacom was in two basic lines of business; computer hardware and peripherals distribution (the "Distribution Business") and a related technology service and configuration business (the "Service Business"). Through these businesses, Inacom delivered personal computer and related information technology products to businesses together with related support services.

7. At all relevant times, Nashville Computer Liquidators ("NCL") was a limited partnership with its principal place of business in Tennessee. NCL was in the business of reselling refurbished and liquidated computer hardware and peripherals to wholesale distributors. Ingram was a general partner of NCL, and is its successor-in-interest.

8. Beginning in July 1999, Inacom began to purchase product from NCL whereby NCL would ship product to Inacom on credit.

9. In early December, 1999, Inacom reached an agreement in principle for sale of the assets of the Distribution Business to Compaq Computer Corporation ("Compaq"). On January 4, 2000, Inacom signed an Asset Purchase Agreement (the "APA"), and certain related operational agreements, with Compaq and its acquisition subsidiary ITY Corp., subsequently known as Custom Edge, Inc. (also referred to collectively, as "Compaq").

10. The Asset Purchase transaction closed on February 16, 2000. In general, in exchange for $369.5 million, Compaq purchased the inventory, supply agreements, customer contracts, leases, furniture, fixtures and equipment of the Distribution Business, and assumed certain related outstanding liabilities. Compaq hired essentially all of the Debtors' employees and management personnel associated with the Distribution Business, and maintained operations from the same business premises.

11. Prior to filing bankruptcy, Inacom attempted to sell the remaining Service Business.

12. On June 16, 2000 (the "Petition Date"), the Debtors filed a Petition under Chapter 11 of the Bankruptcy Code. The Debtors ceased virtually all business operations as of the Petition Date and began to liquidate their remaining assets.

### The Parties' Relationship and the Challenged Transfers

13. Within the 90 days prior to the Petition Date (March 17-June 16, 2000), the Debtors made payments to NCL in the amount of $1,096,821.00 (the "Transfers"), which are more specifically described in Exhibit "A" attached hereto at Tab 1. The Transfers were in payment of a debt incurred by the Debtor in its financial affairs with the Defendant, for the purposes of 11 U.S.C. 547(c)(2)(A) only.

14. The Transfers were made to or for the benefit of the Defendant, as a creditor of the Debtors.

15. The Transfers were payments made on account of an antecedent debt.

16. The Transfers enabled the Defendant to receive more than it would have received if the Debtors' case was one under chapter 7, the Transfers had not been made, and Defendant received payment on the debt to the extent provided by the Bankruptcy Code.

17. The Debtors owe nothing to Defendant for any invoices for product purchased prior to the Petition Date. Defendant did not file a proof of claim in the Debtors' bankruptcy cases.

18. Defendant was the initial transferee for whose benefit all of the Transfers were made.

**B.     Contested Issues of Fact and Law to be Litigated**

19. The parties' respective Proposed Findings of Fact and Conclusions of Law were filed concurrently with the submission of this Pretrial Order. To the extent not otherwise stipulated in this Pretrial Order, all proposed findings of fact and conclusions of law are contested. The ultimate issues in dispute are as follows:

- Inacom Contends:

    a. Debtors were insolvent at all relevant times during the preference period;

    b. None of the Transfers were made in the ordinary course of business pursuant to Bankruptcy Code Section 547(c)(2), and more specifically, the Transfers were not made:

        (1) in the ordinary course of business or financial affairs of the Debtors and the Defendant (§ 547(c)(2)(B)); and

        (2) according to ordinary business terms (§ 547(c)(2)(C));

5

   c. Defendant did not give subsequent new value to the Debtors' pursuant to Bankruptcy Code Section 547(c)(4); and

   d. The relief requested in the Complaint should not be denied, in whole or in part, based upon any other defense;

- Ingram Contends:

   a. The Transfers were not made while the Debtor was insolvent, within the meaning of Section 547(b)(3) of the Bankruptcy Code;

   b. Some or all of the Transfers were made in the ordinary course of business pursuant to Bankruptcy Code Section 547(c)(2); and more specifically, the Transfers were made:

     (1) in the ordinary course of business or financial affairs of the Debtors and the Defendant (§ 547(c)(2)(B)); and

     (2) according to ordinary business terms (§ 547(c)(2)(C)); and

   c. Defendant gave subsequent new value to the Debtors' pursuant to Bankruptcy Code Section 547(c)(4), and is therefore entitled to retain at a minimum an amount of the Transfers equal to the sum of the subsequent new value.

## IV WAIVER OF CLAIMS AND DEFENSES

20. Inacom does not waive any claims.

21. Ingram hereby waives its Fifth Affirmative Defense (Waiver), Sixth Affirmative Defense (Estoppel) and Seventh Affirmative Defense (Laches) set forth in its Answer.

## V  EXHIBITS

22.  Attached hereto at Tab 2 and Tab 3 are the schedules, submitted by Plaintiff and Defendant, respectively, of all exhibits (except for rebuttal exhibits), including documents, summaries, charts and other items expected to be offered in evidence and any demonstrative evidence to be offered during trial, along with corresponding statements of any objections to the authenticity thereof.

## VI  POTENTIAL WITNESSES

23.  Attached hereto at Tab 4 and Tab 5 are lists submitted by Plaintiff and Defendant, respectively, of the names of the potential fact witnesses to be called by each party, with a corresponding statement of any objections to calling, or to the qualifications of, any witness identified on the other party's list.

## VII  EXPERT WITNESSES

24.  As this matter is not currently scheduled to proceed as a jury trial, the parties have not attached agreed statements setting forth the qualifications of their expert witnesses in a form that may be read to the jury at the time that the expert witness takes the stand. As noted below, however, Ingram has filed a motion for a jury, which motion is pending before the Court. Ingram has therefore submitted its own proposed statements setting forth the qualifications of its experts separate from this Pretrial Order. Inacom reserves the right to submit such statements if Ingram's motion for a jury trial is granted. Attached hereto at Tabs 6 and 7 are lists submitted by Plaintiff and Defendant, respectively, of the names of the potential expert witnesses to be called by each party, with a corresponding statement of any objections to calling, or to the qualifications of, any witness identified on the other party's list.

## VIII  DEPOSITIONS TO BE READ INTO EVIDENCE

25.  Attached hereto at Tab 8 and Tab 9 are lists submitted by Plaintiff and Defendant, respectively, of all depositions, or portions thereof, (except those used for impeachment or rebuttal), which the parties reserve the right to read into evidence, and corresponding statements of objection thereto.

## IX  ITEMIZED STATEMENT OF SPECIAL DAMAGES

26.  Plaintiff seeks the avoidance and recovery of the payments listed on Exhibit "A" attached at Tab 1. Plaintiff seeks prejudgment interest from the date of the filing of the Complaint.

## X  JURY/NON-JURY TRIAL – FINDINGS AND CONCLUSIONS

27.  This action has been and is set for a bench trial. On May 26, 2005, Ingram filed a Motion For The Court To Order A Trial By Jury (the "Motion"). Plaintiff filed its opposition to the Motion on June 3, 2005. Ingram's Motion is currently pending on the Court's docket. Since the action currently sits as a non-jury trial, each party shall separately file proposed Findings of Fact and Conclusions of Law concurrently with the submission of this Pretrial Order. Defendant has submitted currently with this Pre-trial Order its proposed jury instructions and verdict form.

## XI  HISTORY AND STATUS OF SETTLEMENT NEGOTIATIONS

28.  The parties have met and conferred in good faith in an attempt to settle the action prior to the submission of the Joint Pre-Trial Order. On July 12 and 13, 2005, the Parties engaged in a mediation before the Hon. Roger Whelan (U.S.B.C. – Ret.), but could not reach an

agreed resolution. The possibility of settlement of this case has, and continues to be discussed between the parties.

## XII  COMPLETION OF DISCOVERY

29. Inacom has agreed to allow further limited depositions of Laz Krikorian (Inacom's former Controller) and Thomas Fitzpatrick (Inacom's former CFO) on September 14 and 15, 2005. Discovery has otherwise been completed, including the depositions of expert witnesses. Absent good cause shown, no further discovery shall be permitted.

## XIII  MOTIONS IN LIMINE

30. A list of any motions *in limine* filed by the Parties concurrent with the submission of this Pretrial Order are attached at Tab 10 and Tab 11, respectively.

## XIV  TYPE AND LENGTH OF TRIAL

31. Depending on the outcome of rulings on pending motions and motions *in limine*, as well as the number of witnesses called to testify, the trial could take 2-5 days.

32. Also pending before this Court are three related, additional preference actions brought by, or on behalf of, Inacom: Civil Case No. 04-CV-583 (GMS), against Lexmark International, Inc. ("Lexmark"); Civil Case No. 04-CV-148 (GMS), against Tech Data Corporation. ("Tech Data"); and Civil Case No. 04-CV-582 (GMS), against Dell Computer Corporation. ("Dell"). These three cases, as well as the instant case, are set for pre-trial conference before the Court on September 19, 2005 and for trial on the merits on October 17, 2005.

33. On May 10, 2005, Dell, Lexmark, Ingram, and Tech Data filed a Joint Motion for the Court to Consolidate for Trial ("Motion to Consolidate"), moving the Court to

consolidate the four cases for trial. On May 20, 2005, Inacom filed a response to the Motion to Consolidate, indicating that it did not oppose consolidation on the issue of solvency. In addition to seeking consolidation of the actions, Dell, Lexmark and Ingram have filed Motions Requesting a Jury Trial. Tech Data filed a separate joinder to the Motions Requesting a Jury Trial. The Motion to Consolidate and the Defendants' requests for jury trial are pending.

## XV  CONTROLLING EFFECT OF PRETRIAL ORDER

This Order will control the course of the trial and may not be amended except by consent of the Parties and the Court, or by order of the Court to prevent manifest injustice.

Date: _____

_____
The Honorable Gregory M. Sleet
United States District Judge

| | |
|---|---|
| PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. | ZUCKERMAN SPAEDER LLP |
| _____ | _____ |
| Laura Davis Jones (DE Bar No. 2436) | Thomas G. Macauley (DE Bar No. 3411) |
| Sandra McLamb (Bar No. 4283) | 919 Market Street, Suite 990 P.O. Box 1028 |
| 919 North Market Street, 16th Floor | Wilmington, DE 19899-1028 |
| Wilmington, DE 19899-8705 (Courier 19801) | Telephone: (302) 427-0400 |
| Telephone: (302) 652-4100 | Facsimile: (302) 427-8242 |
| Facsimile: (302) 652-4400 | |
| | - and - |
| Andrew W. Caine (CA Bar No. 110345) | SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP |
| Jeffrey P. Nolan (CA Bar No. 158923) | Jonathan P. Hersey (CA Bar No. 189240) |
| 10100 Santa Monica Blvd., Suite 1100 | 650 Town Center Drive, 4th Floor |
| Los Angeles, California 90067 | Costa Mesa, CA 92626 |
| Telephone: (310) 277-6910 | Telephone: (714) 513-5100 |
| Facsimile: (310) 201-0760 | Facsimile: (714) 513-5130 |
| Counsel for Plaintiff, INACOM CORP. | Counsel for Defendant, INGRAM ENTERTAINMENT INC. |