IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re INACOM CORP., *et al.*,

| | |
|---|---|
| INACOM CORP., on behalf of all affiliated Debtors,<br><br>                              Plaintiff,<br>v.<br><br>INGRAM ENTERTAINMENT, INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS,<br><br>                              Defendant. | Civil Action No. 04-593 GMS<br><br>Adversary Case No. 02-3960 (PJW)<br>Bankruptcy Case No. 00-2426 (PJW)<br><br>[MOTION IN LIMINE NO. 4 OF 4] |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM PERSONS OTHER THAN THE PERSON DESIGNATED BY DEFENDANT AS MOST KNOWLEDGEABLE**

Plaintiff Inacom Corp. ("Plaintiff") files Motion in Limine #4 ("Motion") to exclude the testimony of individuals other than Steven Gadsey on topics he was produced as the person most knowledgeable. Mr. Gadsey was designated by Ingram Entertainment, Inc., as successor in interest to Nashville Computer Liquidators ("Defendant") as the Person Most Knowledgeable. Rule 30(b)(6) places the burden on Defendant to make a diligent inquiry to determine the individual best suited to testify and to produce that witness. To allow a different individual to testify at time of trial would violate the Federal Rules of Civil Procedure and be inequitable.

**PRELIMINARY STATEMENT AND PERTINENT FACTS**

1.    On January 7, 2005, Plaintiff issued a Notice of Deposition of Person Most Knowledgeable to the Defendant. In response thereto, Defendant designated Steven

Gadsey as the Person Most Knowledgeable at Ingram Entertainment.

  2. When Mr. Gadsey appeared at his deposition and testified, he acknowledged he was not the person most knowledgeable on the following topics:

   a. Communications between Inacom and Compaq with respect to the Compaq purchase of the Distribution Division. (Deposition of Steven Gadsey, hereinafter the "Depo," p. 89, lines 12-17)

   b. Terms of the asset sale between Inacom and Compaq. (Depo, p. 89, lines 18-23)

   c. Communications between NCL and Inacom concerning outstanding accounts receivable. (Depo, pp. 96-97, lines 11-10)

   d. Contact between Inacom and NCL to collect accounts receivable. (Depo, p. 98, lines 17-23)

   e. Standard credit terms issued by Nashville Liquidators from 1998 to 2000 (Depo, p 99, lines 4-17)

   f. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Notice of Deposition of the Person Most Knowledgeable. Ingram did not designate or produce any other individual in response to <u>Exhibit A</u>. (See Declaration of J. Nolan)

## **ARGUMENT**

  3. Rule 30(b)(6) states plainly that persons designated as corporate representatives "shall testify as to matters known or reasonably availability to the organization." Fed. R. Civ. P. 30(b)(6). This Rule makes clear that a designee is not simply testifying about matters within his or her own personal knowledge, but rather is "speaking for the corporation"

about matters to which the corporation has reasonable access. *Rainey v. American Forest and Paper Ass'n, Inc.*, 26 F.Supp.2d. 82, 94 (D.D.C. 1998) citing to *United States v. Taylor*, 156 F.R.D. 356, 361 (M.D.N.C. 1996) aff'd. *United States v. Taylor,* 156 F.R.D. 367 (M.D.N.C.) (quoting 8a *Charles Allen Wright et al Federal Practice and Procedure* § 2103 at 36-37 (2d. Ed. 1994). "By commissioning the designee as the voice of the corporation, the Rule obligates a corporate party to prepare its designee to be able to give binding answers on its behalf." Id. citing to *Ierardiv Lorillard, Inc.*, 1991 WL 158911 at *3 (E.D. PA Aug. 13, 1991) Unless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition. See *Ierardiv*, 1991 WL 158911, at 3; *Taylor*, 166 F.R.D. at 362.

    4.    Rule 30(b)(6) imposes a duty upon the named business entity to prepare and select the deponent to adequately testify not only on matters known by the deponent, but also in subjects that the entity should reasonably know. *Hooker v. Norfolk Southern Railway Company*, 204 F.R.D. 124, 126 (S.D. Ind. 2001). "Any other interpretation of the rule would allow the responding corporation to 'sand bag' the deposition process by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial". *Taylor,* 166 F.R.D. at 362.

    5.    Defendant was served with a Rule 30(b)(6) notice of deposition of person most knowledgeable. The deposition notice set forth 11 areas of testimony which were unique to the adversary action before this Court. Mr. Gadsey was the only individual presented for deposition notwithstanding that he acknowledged not being the person most knowledgeable on a variety of the different topics. Under the circumstances, it would be entirely inequitable to allow

anyone from Defendant to testify at the time of trial on any of the topics that Defendant did not produce a witness who is more knowledgeable to testify on the topic other than Mr. Gadsey.

## CONCLUSION

Plaintiff requests an Order that Defendant be precluded from producing any witness to testify on the 11 areas outlined in the notice of deposition of the person most knowledgeable (attached hereto as Exhibit A) other than the testimony proffered by Mr. Gadsey in response thereto.

Dated:   August 15, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (DE Bar No. 2436)
Sandra G. McLamb (DE Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

and

Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760

Counsel for Debtor and Debtor in Possession
INACOM CORP