# Exhibit A

Case 1:04-cv-00593-GMS    Document 59-2    Filed 08/15/2005    Page 1 of 13

ORIGINAL 1/7/05

FILE COPY

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INACOM CORP., et al.,[1]<br><br>Debtors. | Case No. 00-2426(PJW)<br><br>Jointly Administered<br><br>Chapter 11 |
| INACOM CORP, on behalf of all affiliated Debtors,<br><br>Plaintiff(s),<br><br>v.<br><br>INGRAM ENTERTAINMENT, INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS,<br><br>Defendant(s). | Adv. No. 02-3960(PJW)<br>DIST Adv. No. 04-593(GMS) |

## NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE

1.  PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure, Rule 30(b)(6), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure, Rules 7030 and 9014, Inacom Corp. ("INACOM") will take the deposition of the Person Most Knowledgeable at Ingram Entertainment, Inc., as successor-in-interest ("INGRAM" or "YOU"). The deposition will take place at Cleeton Davis Court Reporters LLC, 825 Noel Place, 200 4th Ave North, Nashville, TN. 37219 commencing on January 31, 2005 at 9:00 a.m., or at a date and time between the Plaintiff and Defendant(s), as

---

[1] The Debtors are the following entities: InaCom Corp.; InaCom Latin America; InaCom Solutions, Inc.; InaCom Communications, Inc.; InaComp Financial Services, Inc.; Perigee Communications, Inc.; Networks, Inc.; Gorham Clark, Inc.; InaCom International, Inc.; InaCom Tennessee, Inc.; InaCom Professional Services, Inc.; Kure Associates, Inc.; Office Products of Minnesota, Inc.; Boston Computer Exchange Corporation; PC Technical Services, Inc.; Vanstar Corporation; Computerland International Development, Inc.; Computerport World Trade, Inc.; Vanstar International Corporation; VST West, Inc.; VST Illinois, Inc.; VSTNC, Inc.; Cland Tex, Inc.; InaCom Government Systems, Inc.; Contract Data, Inc.; Computer Professionals, Inc.; Vanstar Professional Technical Resources, Inc.

DOCS_LA:111073.1                                1

agreed upon by counsel. Said deposition will continue from day to day, excluding holidays and weekends, until completed.

2. The deposition shall be taken before a notary public or an officer authorized by law to administer oaths upon oral examination, and will be recorded by a certified court reporter by the stenographic method and through the use of instant visual display, real-time display or otherwise, and/or by audio or video recording.

3. The representative(s) designated by INGRAM pursuant to Federal Rules of Civil Procedure 30(b)(6) shall be the person(s) most knowledgeable regarding each of the following areas of inquiry:

4. In responding to the areas of inquiry the following definitions shall apply.

### Definitions

5. ""YOU", "YOUR" or "INGRAM" shall mean INGRAM ENTERTAINMENT, INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS., the defendant in the above-captioned contested matter, its predecessors in interest, and all past and present officers, directors, agents, servants, employees, and anyone else acting on its behalf or otherwise subject to its control.

6. "INACOM" or "DEBTOR" shall mean Inacom Corp. et al., the debtors in the above-captioned chapter 11 case, and its past and present officers, directors, agents, servants, employees, contractors and anyone else acting on its behalf or otherwise subject to its control

7. "COMPLAINT" shall mean the Complaint filed in the above referenced adversary or any amended complaint subsequent thereto.

## AREAS OF EXAMINATION

The representative(s) designated by the Defendant pursuant to Federal Rules of Civil Procedure 30(b)(6) shall be the most knowledgeable regarding the following:

1. YOUR communications with INACOM and/or Compaq with respect to the sale of the Distribution business and/or Asset Purchase Sale between INACOM and Compaq.

2. YOUR understanding and/or knowledge of the of the Asset Sale transaction between INACOM and Compaq in February.

3. All facts behind the issuance of invoices paid by the checks identified on Exhibit A attached to the COMPLAINT in this adversary proceeding.

4. All facts and documents with respect to receipt and handling of payments from Inacom from January 1, 1999 to June 16, 2000.

5. All facts and/or documents supporting Defendant's Affirmative Defenses alleged in the Answer and Affirmative Defenses filed by YOU.

6. YOUR practice and procedures regarding accounts receivable and collections.

7. Communications, including oral and written, with INACOM regarding accounts receivable, collections, checks, and "held checks."

8. All facts and documents concerning any attempts by YOU to collect amounts outstanding from INACOM from January 1, 1999 to June 16, 2000.

9. YOUR receipt and handling of the Transfers attached as Exhibit A to the COMPLAINT.

DOCS_LA:97003.2

DOCS_LA:111073.1

3

10. The standard credit terms issued by YOU to YOUR customers in 1998, 1999 and 2000.

11. The days paid outstanding units accounts receivable to all customers in the years 1998, 1999 and 2000.

Dated: January 7, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

*/s/ Jeffrey Nolan*

Laura Davis Jones (Bar No. 2436)
Andrew Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Counsel for Plaintiff

DOCS_LA:97003.2

DOCS_LA:111073.1

4

|                      | **PROOF OF SERVICE** |
|----------------------|----------------------|
| STATE OF CALIFORNIA  | )                    |
|                      | )                    |
| CITY OF LOS ANGELES  | )                    |

    I, Mary de Leon, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Boulevard, Suite 1100, Los Angeles, California 90067.

    On January 7, 2005, I caused to be served the **NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE** in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

*Jonathan P. Hersey*
*Bingham McCutchen LLP*
*600 Anton Boulevard, Suite 1800*
*Costa Mesa, California 92626*
*(Orange Co.)*
*Telephone: 714-433-2900*
*FAX: 714-549-3244*

✓ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at [City], [State], in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

X (BY EMAIL I caused to be transmitted the above-described document by electronic mail to the address(es) as shown. The transmission was reported as complete and without error.

☐ (BY PERSONAL SERVICE) By causing to be delivered by hand to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) By sending by _____ to the addressee(s) as indicated on the attached list.

    I declare that I am employed in the office of a member of the bar of this Court at whose direction was made.

Executed on January 7, 2005, at Los Angeles, California.

_____
Mary de Leon

26976-001\DOCS_LA:97049.1

DOCS_LA:111073.1

FILE COPY

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INACOM CORP., et al.,[1]<br><br>_____ Debtors. _____<br>INACOM CORP, on behalf of all affiliated Debtors,<br><br>Plaintiff(s),<br><br>v.<br><br>INGRAM ENTERTAINMENT, INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS,<br><br>_____ Defendant(s). _____ | Case No. 00-2426(PJW)<br><br>Jointly Administered<br><br>Chapter 11<br><br><br><br><br><br>Adv. No. 02-3960(PJW)<br>DIST Adv. No. 04-593(GMS) |

## CONTINUANCE OF NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE

1.  PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure, Rule 30(b)(6), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure, Rules 7030 and 9014, Inacom Corp. ("INACOM") and per agreement of the parties will take the deposition of the Person Most Knowledgeable at Ingram Entertainment, Inc., as successor-in-interest ("INGRAM" or "YOU"). The deposition will take place at Ingram Entertainment located at Two Ingram Blvd., La Vergne, Tennessee 37089, commencing on August 3, 2005 at 10:00 a.m., or at a date and time between the Plaintiff and Defendant(s), as

---

[1] The Debtors are the following entities: InaCom Corp.; InaCom Latin America; InaCom Solutions, Inc.; InaCom Communications, Inc.; InaComp Financial Services, Inc.; Perigee Communications, Inc.; Networks, Inc.; Gorham Clark, Inc.; InaCom International, Inc.; InaCom Tennessee, Inc.; InaCom Professional Services, Inc.; Kure Associates, Inc.; Office Products of Minnesota, Inc.; Boston Computer Exchange Corporation; PC Technical Services, Inc.; Vanstar Corporation; Computerland International Development, Inc.; Computerport World Trade, Inc.; Vanstar International Corporation; VST West, Inc.; VST Illinois, Inc.; VSTNC, Inc.; Cland Tex, Inc.; InaCom Government Systems, Inc.; Contract Data, Inc.; Computer Professionals, Inc.; Vanstar Professional Technical Resources, Inc.

DOCS_LA:111073.3

agreed upon by counsel. Said deposition will continue from day to day, excluding holidays and weekends, until completed.

2.  The deposition shall be taken before a notary public or an officer authorized by law to administer oaths upon oral examination, and will be recorded by a certified court reporter by the stenographic method and through the use of instant visual display, real-time display or otherwise, and/or by audio or video recording.

3.  The representative(s) designated by INGRAM pursuant to Federal Rules of Civil Procedure 30(b)(6) shall be the person(s) most knowledgeable regarding each of the following areas of inquiry:

4.  In responding to the areas of inquiry the following definitions shall apply.

### Definitions

5.  ""YOU", "YOUR" or "INGRAM" shall mean INGRAM ENTERTAINMENT, INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS., the defendant in the above-captioned contested matter, its predecessors in interest, and all past and present officers, directors, agents, servants, employees, and anyone else acting on its behalf or otherwise subject to its control.

6.  "INACOM" or "DEBTOR" shall mean Inacom Corp. et al., the debtors in the above-captioned chapter 11 case, and its past and present officers, directors, agents, servants, employees, contractors and anyone else acting on its behalf or otherwise subject to its control

7.  "COMPLAINT" shall mean the Complaint filed in the above referenced adversary or any amended complaint subsequent thereto.

## **AREAS OF EXAMINATION**

The representative(s) designated by the Defendant pursuant to Federal Rules of Civil Procedure 30(b)(6) shall be the most knowledgeable regarding the following:

1. YOUR communications with INACOM and/or Compaq with respect to the sale of the Distribution business and/or Asset Purchase Sale between INACOM and Compaq.

2. YOUR understanding and/or knowledge of the of the Asset Sale transaction between INACOM and Compaq in February.

3. All facts behind the issuance of invoices paid by the checks identified on Exhibit A attached to the COMPLAINT in this adversary proceeding.

4. All facts and documents with respect to receipt and handling of payments from Inacom from January 1, 1999 to June 16, 2000.

5. All facts and/or documents supporting Defendant's Affirmative Defenses alleged in the Answer and Affirmative Defenses filed by YOU.

6. YOUR practice and procedures regarding accounts receivable and collections.

7. Communications, including oral and written, with INACOM regarding accounts receivable, collections, checks, and "held checks."

8. All facts and documents concerning any attempts by YOU to collect amounts outstanding from INACOM from January 1, 1999 to June 16, 2000.

9. YOUR receipt and handling of the Transfers attached as Exhibit A to the COMPLAINT.

10. The standard credit terms issued by YOU to YOUR customers in 1998, 1999 and 2000.

11. The days paid outstanding units accounts receivable to all customers in the years 1998, 1999 and 2000.


Dated: August 1, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

*/s/ Jeffrey P. Nolan*

Laura Davis Jones (Bar No. 2436)
Andrew Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Counsel for Plaintiff

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                                          )
CITY OF LOS ANGELES  )

    I, Penny Harms, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100.

    On August 1, 2005, I caused to be served the <u>**CONTINUANCE OF NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE**</u> in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

*Please see attached Service List*

☑ **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑ **(BY EMAIL)** I caused to be transmitted the above-described document by electronic mail to the address(es) as shown. The transmission was reported as complete and without error.

☐ **(BY PERSONAL SERVICE)** By causing to be delivered by hand to the offices of the addressee(s).

☐ **(BY OVERNIGHT DELIVERY)** By sending by _____ to the addressee(s) as indicated on the attached list.

    I declare that I am employed in the office of a member of the bar of this Court at whose direction was made.

Executed on August 1, 2005, at Los Angeles, California.

                                        */s/ Penny Harms*
                                          Penny Harms

DOCS_LA:111073.3

## InaCom Adversary Service List
Document No. 105422
14 – First Class Mail
21 – Electronic Mail

*First Class Mail*
(Counsel for Tech Data Corp.)
James F. Harker, Esquire
Herlihy, Harker & Kavanaugh
1300 N. Market Street, Suite 400
Wilmington, DE 19899

*First Class Mail*
(Counsel to Dell Computer Corporation)
Patricia P. McGonigle, Esquire
Seitz Van Ogtrop & Green
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899

*First Class Mail*
*(Counsel to Ingram Entertainment Inc., successor in interest to Nashville Computer Liquidators)*
Thomas Macauley, Esquire
Zuckerman Spaeder LLP
919 Market Street, Suite 1075
Wilmington, DE 19801

*First Class Mail*
(Counsel to Sigma Data Inc.)
David L. Finger, Esquire
David L. Finger, P.A.
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155

*First Class Mail*
*(Counsel for Statutory Committee Of Unsecured Creditors in action against Dell Corporation*
William J. Burnett, Esquire
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, DE 19801-4226

*First Class Mail*
*(Counsel for Compaq Computer Corp- third-party defendant in action against against Lexmark)*
Derek C. Abbott, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

*First Class Mail*
*(Counsel for Lexmark International as third-party plaintiff)*
Thomas Whalen, Esquire
Stevens & Lee, P.C.
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

*First Class Mail*
(Counsel for Lexmark International, defendant)
Joseph Grey, Esquire
Stevens & Lee, P.C.
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

*First Class Mail*
(Counsel to Resilien Inc.f/k/a Logicare)
William K. Harrington, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

*First Class Mail*
(Counsel for Tech Data Corp.)
Charles Tatelbaum, Esquire
Adorno & Yoss, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301

DOCS_LA:111073.3

*First Class Mail*
(Counsel to Dell Computer Corporation)
Sabrina L. Streusand, Esquire
Hughes & Luce, L.L.P.
111 Congress Avenue, Suite 900
Austin, TX 78701

*First Class Mail*
(Counsel to Lexmark International, Inc.)
Culver V. Halliday, Esquire
Stoll, Keenon, & Park, LLP
2650 AEGON Center
400 West Market
Louisville, KY 40202

*First Class Mail*
(Counsel to Resilien Inc. )
Ted A. Berkowitz, Esquire
Patrick T. Collins, Esquire
Farrell Fritz, P.C.
EAB Plaza
Uniondale, NY 11556-0120

*First Class Mail*
(Counsel to Ingram Entertainment Inc.)
John Hersey, Esquire
Bingham McCutchen LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626

**All Parties Listed Below Served Via Electronic Mail**

halliday@skp.com; cdumas@friedumspring.com; ggreenwood@friedumspring.com;
dabbott@mnat.com; ctatelbaum@adorno.com; shunt@adorno.com;
jonathan.hersey@bingham.com; Forte@BlankRome.com; dfinger@delawgroup.com;
rwriley@duanemorris.com; pcollins@farrellfritz.com; dhansen@friedumspring.com;
landonj@HughesLuce.com; sabrina.streusand@HughesLuce.com; bfallon@morrisjames.com;
jpn@pszyjw.com; pmcgonigle@svglaw.com; tmacauley@zuckerman.com;
tgw@stevenslee.com; jg@stevenslee.com; tberkowitz@farrellfritz.com