IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re )<br>)<br>INACOM CORP., *et al.*, )<br>)<br>      Debtors. )<br>)<br>_____ )<br>)<br>INACOM CORP., on behalf of all affiliated Debtors, )<br>)<br>      Plaintiffs, )<br>)<br>   v. )<br>)<br>INGRAM ENTERTAINMENT INC., as successor )<br>in interest to NASHVILLE COMPUTER )<br>LIQUIDATORS, L.P., )<br>)<br>      Defendant. )<br>)  | Civil Action No. 04-593 (GMS) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 1 TO EXCLUDE ALLEGEDLY
CUMULATIVE EXPERT TESTIMONY RE SOLVENCY**

Defendant Ingram Entertainment Inc. ("Ingram") respectfully submits this Response in opposition to plaintiff Inacom's Motion in Limine No. 1 (the "Motion") to exclude the allegedly cumulative testimony of Ingram's solvency experts, Jason Fensterstock and Richard Whalen.

## I.  INTRODUCTION

It is undisputed that Ingram's experts on solvency are well-qualified. In its Motion to Exclude Cumulative Expert Testimony, Inacom does <u>not</u> contend that either Jason Fensterstock or Richard Whalen are unqualified to testify as expert witnesses upon the solvency issue. Rather, Inacom rests the Motion solely on the supposition that Mr.

Fensterstock and Mr. Whalen will offer cumulative testimony such that only one of them should be permitted to testify at the trial.

Inacom is simply incorrect in its assertion that the anticipated testimony of Mr. Fensterstock and Mr. Whalen will be cumulative. As discussed below, these experts utilized different valuation methodologies that were each incorporated, relied upon, and considered in calculating Inacom's overall Enterprise Value. *See In re Lids Corp.*, 281 B.R. 535 (Bankr. D. Del. 2002) (recognizing the existence of distinct methods for determining solvency). Therefore, their respective testimony is highly relevant and will not result in undue delay or the needless presentation of cumulative evidence. The Motion should be denied.

## II. ARGUMENT AND AUTHORITIES

### A. The Experts' Testimony Will Be Different and Critical to Supporting the Ultimate Opinion.

Messrs. Fensterstock and Whalen, in performing the overall solvency/valuation analysis and in reaching their opinions, utilized distinct, commonly-accepted valuation methodologies. *See* May 2, 2005 Valuation Analysis by Duff & Phelps, LLC and Sasco Hill Advisors, Inc.; *see also* June 21, 2005 Supplemental Report (collectively "Solvency Experts' Reports"), true copies of which are attached as Exhibit "A" to the Declaration of Jonathan P. Hersey ("Hersey Decl."). The Solvency Experts' Reports reflect utilization of three different valuation methods: a Discounted Cash Flow ("DCF") Analysis; a Comparable Company Analysis; and a Comparable Transaction Analysis. The Reports

then employ a weighted average of all three valuation methods to determine the overall Enterprise Value, which demonstrates Inacom's solvency during the relevant period.[1]

In support of the Motion, Inacom merely points to a few isolated lines of deposition testimony in which Mr. Fensterstock and Mr. Whalen indicate that, in general, they do not intend to offer opinions different than those of the other and that they do not intend to offer any opinions that are in addition to those of the other. *See* Motion at 2. Plaintiff mischaracterizes this testimony.

Although Mr. Fensterstock and Mr. Whalen indicate that they hold the same ultimate opinion, the testimony supporting their separate roles and analyses will not be cumulative. Each of the experts was primarily responsible for different analyses and valuation methodologies upon which their ultimate conclusions are based. As Mr. Fensterstock's deposition testimony confirms, he was primarily responsible for employing the DCF analysis:

> Q: Did you personally perform any of the tasks connected with the discounted cash flows?
>
> A: Yes.
>
> Q: What tasks were you involved with?
>
> A: Review of the discounted cash flow analysis, review of the weighted average cost of capital calculation, review of the Excel spreadsheets, checking numbers, the way professionals like I do, with the back of the envelope checks, to see that the numbers makes sense from an overall point of view, reviewing of the base data to that data which was included in the Excel spreadsheets that comprised the DCF analysis.

---

[1] Mr. Fensterstock also employed a Balance Sheet Valuation and Benchmarking Analysis.

*See* Deposition of Jason Fensterstock ("Fensterstock Depo.") at 23:3:16, attached as Exhibit "B" to Hersey Decl.

On the other hand, Mr. Whalen was primarily responsible for the comparable company portion of the analysis. *See* Fensterstock Depo. at 25:17-27:15. Whalen also was primarily responsible for the comparable transaction component of the overall analysis:

> Q: Who was primarily responsible for the comparable transaction analysis?
>
> A: The Duff & Phelps side of the equation.
>
> Q: Was Mr. Whalen ultimately responsible at Duff & Phelps for that analysis?
>
> A: Yes.

*See* Fensterstock Depo. at 31:22-32:4.

Therefore, a review of the Solvency Experts' Reports and the experts' deposition testimony shows that the experts' opinions are not cumulative or unfairly prejudicial. Rather, the separate, but coordinated, analysis of each expert is critical in supporting the overall Enterprise Valuation Opinion.

This is especially true given Plaintiff's supposed intention to challenge each of the three different valuation methods used by Ingram's experts to calculate Inacom's Enterprise Value. For instance, unless Plaintiff agrees not to challenge the comparable company and comparable transaction valuation methods, then Mr. Whalen's testimony will be crucial in supporting those methodologies as a basis for the total Enterprise Value. And the same is true for Mr. Fensterstock's testimony. Unless Plaintiff agrees not to challenge the DCF methodology, Ingram needs Mr. Fensterstock's testimony to support that analysis.

### B.    Plaintiff Will Not Be Prejudiced If Both Experts Testify.

Whether or not this matter is tried to the Court or a jury, the Court is more than capable of preventing unfair prejudice or delay if both of Ingram's experts testify. The Court may limit counsels' questions of the experts to the particular valuation methodologies for which the witnesses were primarily responsible. In addition, the Statement of Expert Witness Qualifications that the Court will read to the Jury prior to each expert's testimony could identify the specific areas of the solvency analysis about which each expert will testify. *See, e.g.*, Ingram's Proposed Statements of Expert Witness Qualifications, submitted on August 15, 2005 (identifying Mr. Fensterstock's areas of testimony as the "DCF Valuation, Enterprise Valuation, Balance Sheet Review and Valuation, and Benchmarking," while Mr. Whalen's area of testimony is described as "Expert on Comparable Companies and Comparable Transactions" analyses).

Inacom's Motion is merely a transparent attempt to preclude and disrupt the admission of relevant testimony concerning the analysis used in supporting and arriving at an overall Enterprise Valuation and solvency opinion. Since the Enterprise Valuation opinion is based on a weighted average of three distinct valuation methodologies, Inacom seeks to keep out testimony so as to argue that the overall opinion is not supported by the evidence and thus cast doubt on the entire solvency analysis. This tactic is not a proper use of Federal Rule of Evidence 403 and would result in extreme and unfair prejudice to Ingram in the presentation of its case.

### III. CONCLUSION

For these reasons, Ingram respectfully requests that the Court deny the Motion and permit both Mr. Fensterstock and Mr. Whalen to testify pursuant to Rule 702 of the Federal Rules of Evidence.

DATED: August 29, 2005

By: *Elizabeth D. Power*
Thomas G. Macauley (ID No. 3411)
Elizabeth D. Power (ID No. 4135)
ZUCKERMAN SPAEDER LLP
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware 19899-1028
Tel.: (302) 427-0400
Fax: (302) 427-8242

-and-

Jonathan P. Hersey (CA Bar No. 189240)
Scott B. Lieberman (CA Bar No. 208764)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
Telephone: (714) 513-5100
Facsimile: (714) 513-5130

Attorneys for Defendant
INGRAM ENTERTAINMENT INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS, L.P.