IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| INACOM CORP. *et al.*, ) | | |
| ) | | |
| Debtors. ) | | |
| ) | | |
| _____ ) | | |
| ) | | |
| INACOM CORP., on behalf of all affiliated Debtors, ) | | Civil Action No. 04-593 (GMS) |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| INGRAM ENTERTAINMENT INC., as successor ) | | |
| in interest to NASHVILLE COMPUTER ) | | |
| LIQUIDATORS, L.P., ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY FROM PERSONS OTHER THAN PERSON DESIGNATED BY DEFENDANT AS MOST KNOWLEDGEABLE**

Defendant Ingram Entertainment Inc. ("Ingram") respectfully submits this Response in opposition to plaintiff Inacom's Motion in Limine No. 4 (the "Motion") to exclude the testimony of persons other than the person designated by Ingram to testify in response to Inacom's notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Notice").

## I. INTRODUCTION

In response to Inacom's Notice, Ingram produced Steven Gadsey, its Vice President of Finance, to testify about the topics described in the notice. Mr. Gadsey is the *only* former employee of Nashville Computer Liquidators still employed by its successor, Ingram Entertainment, and he *never* testified that any current Ingram employee has more knowledge than him. Except for purposes of rebuttal, Ingram does not intend to offer the

testimony of any employee other than Mr. Gadsey at trial.

By its Motion, however, Inacom seeks to preclude Ingram from offering any other witness on the topics covered by Inacom's deposition notice, not just any other witness from Ingram. Contrary to Plaintiff's assertion, the law does not require a corporation to produce a "person most knowledgeable" in response to a deposition notice under Rule 30(b)(6). Ingram is still entitled to offer the testimony of witnesses not employed by Ingram and who do not necessarily speak on behalf of the corporation. Accordingly, the Motion should be denied.

## II.  STATEMENT OF FACTS

From January 1999 through April 2001, Steven Gadsey was the Vice President of Finance of Nashville Computer Liquidators, L.P. ("NCL"). *See* Deposition Transcript of Steven Gadsey ("Gadsey Depo."), at 32:11 - 33:3, attached as Exhibit A to Declaration of Jonathan P. Hersey ("Hersey Decl."). NCL was the entity that sold computer products to Inacom and received the allegedly preferential payments in return.

NCL ceased operations in April 2001, at which time Mr. Gadsey rejoined Ingram, NCL's successor-in-interest. Gadsey Depo., at 33:14-16 & 40:2-23. Mr. Gadsey is still employed by Ingram as its Vice President of Finance, and is the only former NCL employee currently with Ingram. *Id.* at 40:18 - 41:8. Accordingly, Ingram designated Mr. Gadsey to testify in response to the deposition topics listed in Plaintiff's Rule 30(b)(6) deposition notice.

Plaintiff's Motion identifies 4 of the 11 total topics in the notice about which Mr. Gadsey supposedly testified that he is not the "most knowledgeable person" at Ingram. *See* Plaintiff's Motion at 2, ¶ 2(a)-(e). Plaintiff's assertion, however, misrepresents Mr. Gadsey's actual testimony.

For example, Topics 1 and 2 in the deposition notice concerned "communications between Inacom and Compaq with respect to Compaq's purchase of

the distribution division of Inacom" and "the terms of the asset sale between Inacom and Compaq" in February 2000. Mr. Gadsey was never asked whether he was the "most knowledgeable person" at Ingram about these topics.[1] Gadsey Depo., at 89:12-23. Neither NCL nor Ingram were a party to those communications or agreement between Plaintiff and Compaq. While Mr. Gadsey testified that he has no knowledge of those communications or contract terms, his lack of knowledge does not preclude Ingram from offering the testimony of other witnesses (such as former Inacom and Compaq employees) to testify about these topics.

Plaintiff's contention that Mr. Gadsey testified that he is not the "most knowledgeable person" about Topic 7 ("communications . . . with Inacom" regarding outstanding "accounts receivable" and "collections" of those receivables) is likewise entirely false. See Plaintiff's Motion, at 2, ¶ 2(c)-(d) (citing Gadsey Depo., at 96:11 – 97:10 & 98:17-23). Again, Mr. Gadsey was never asked whether he was Ingram's "most knowledgeable person" on these issues. While he testified that he lacks direct, personal knowledge of these communications, which were done primarily by NCL's former sales representatives, he did provide testimony about the matters known or reasonably knowable by NCL's successor, Ingram. Gadsey Depo., at 47:24 – 49:20 & 97:5-6 (describing sales representatives communications with NCL's customers); 80:8 – 81:8 & 84:22 – 85:25 (discussing NCL's payment terms to Inacom and other customers); 88:14-19 (testifying about NCL's receipt of allegedly preferential payments); 90:6 – 92:23 & 97:11-25 (discussing NCL's receipt and handling of payments); and 93:15 – 96:10 (discussing checks "held" by Inacom to NCL).

Similarly, Mr. Gadsey stated that he has knowledge –which he testified

---

[1] Indeed, when Plaintiff's counsel used the term "person most knowledgeable" in an earlier question, Ingram's counsel asserted an objection that the term not only calls for a legal conclusion, but also misstates the legal requirements for a company's compliance with Rule 30(b)(6). Gadsey Depo., at 88: 23 – 89:10.

about – regarding Topic 10, the "standard credit terms issued by Nashville [Computer] Liquidators in the 1998 to 2000 time frame." Gadsey Depo., at 99:7-21. NCL's former sales representatives and president *may* have had more knowledge about these issues while NCL was operating. But NCL ceased operations in April 2001. The president and sales representatives are not employed by Ingram. Gadsey Depo, at 45:19-20 (NCL's former president, Peter Marcum, does not work for Ingram) and 46:5-14 (NCL's sales representative for Inacom, Phil Garzolie, does not work for Ingram). Mr. Gadsey is the only former NCL employee currently with Ingram, and he provided sufficient testimony on this topic. Gadsey Depo., at 52:15 - 56:25 (discussing NCL's credit limits and terms); 99:4-17 (describing NCL's different "standard" credit terms for different customers); 50:24 – 51:11 (testifying about NCL's "shipping hold" policies).

### III.  ARGUMENT

Federal Rule of Civil Procedure 30(b)(6) does not require a corporation to produce for deposition its "most knowledgeable person" about the designated topics. Rather, the Rule provides only that "the persons so designated shall testify as to matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6); *see also* Advisory Committee Notes on 1971 Amendments to Rule ("[T]he non-party organization must respond by designating natural persons, who are then obliged to testify as to matters known or reasonably available to the organization."). This is precisely what Ingram did.

Mr. Gadsey is the only former NCL employee currently working for Ingram. As previously described, he provided sufficient testimony about Ingram's knowledge concerning each of the topics included in Plaintiff's deposition notice.

Nothing more was required. Ingram was not obligated to produce any former NCL employees to testify on Ingram's behalf. A "defendant is not required to designate a retired employee to serve as a 30(b)(6) designee, because 'it cannot be supposed that . . . former employees would identify their interests with those of their

former employers to such an extent that admissions by them should be held to bind the employer.'" *Ierardi v. Lorillard, Inc.*, 1991 WL 158911, at *2 (E.D. Pa. 1991) (quoting *Proseau v. Anchor Line, Ltd.*, 26 F.R.D. 165, 167 (S.D.N.Y. 1960)) (Ex. A).

Plaintiff does not contend – nor can it – that Ingram failed to comply with Rule 30(b)(6)'s requirement to produce a witness to testify as to the matters "known or reasonably available" to it. Certainly nothing in Rule 30(b)(6) or any of the cases cited by Plaintiff preclude Ingram from offering the testimony of witnesses not employed by Ingram, such as Inacom's or Compaq's former employees, or the employees of the other co-defendants.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine to prevent Ingram from introducing the testimony of witnesses other than Mr. Gadsey should be denied.

DATED: August 29, 2005

By: /s/ Elizabeth D. Power
Thomas G. Macauley (ID No. 3411)
Elizabeth D. Power (ID No. 4135)
ZUCKERMAN SPAEDER LLP
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware 19899-1028
Tel.: (302) 427-0400
Fax: (302) 427-8242

-and-

Jonathan P. Hersey (CA Bar No. 189240)
Scott B. Lieberman (CA Bar No. 208764)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
Telephone: (714) 513-5100
Facsimile: (714) 513-5130

Attorneys for Defendant
INGRAM ENTERTAINMENT INC.