IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) <br> ) <br> INACOM CORP. *et al.*, ) <br> ) <br>   Debtors. ) <br> ) <br>_____ ) <br> ) <br> INACOM CORP., on behalf of all affiliated Debtors, ) <br> ) <br>   Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> INGRAM ENTERTAINMENT INC., as successor ) <br> in interest to NASHVILLE COMPUTER ) <br> LIQUIDATORS, L.P., ) <br> ) <br>   Defendant. ) <br> ) | Civil Action No. 04-593 (GMS) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE WITNESSES NOT PREVIOUSLY DISCLOSED OR IDENTIFIED**

Defendant Ingram Entertainment Inc. ("Ingram") respectfully submits this Response in opposition to plaintiff Inacom's Motion in Limine No. 2 (the "Motion") to exclude the testimony of witnesses whose identities were allegedly not previously disclosed or identified by Ingram.

**I.   INTRODUCTION**

By its Motion, Plaintiff seeks to exclude the testimony at trial of 5 witnesses whose identities Plaintiff asserts it was unaware of until *after* Ingram included them on its witness lists in the Proposed Pretrial Order. Plaintiff's claim is specious.

The witnesses that Plaintiff seeks to exclude are the employees and/or experts previously disclosed by the defendants in two other preference actions – Dell, Inc. and Lexmark International – with whom all discovery proceedings in this case have been coordinated, and with whom Ingram has filed a Motion to have this trial consolidated. (D.I. 22) Plaintiff was

aware of the identity of these witnesses months, *if not years*, before the close of discovery, and Plaintiff <u>deposed each of them</u>. Plaintiff will therefore not be prejudiced in the slightest if these witnesses are permitted to testify. Accordingly, the Motion should be denied.

## II.     STATEMENT OF FACTS

Ingram's lists of potential fact and expert witnesses in the parties' Joint Proposed Pretrial Order includes 5 witnesses whose identities Plaintiff wrongly contends it was unaware. The witnesses include:

- <u>Michael Keller</u> and <u>Major Horton</u>.  Messrs. Keller and Horton are employees of Dell, Inc. who possess knowledge of the course of business dealings between Inacom and its vendors which is relevant to each defendants' affirmative defense pursuant to 11 U.S.C. § 547(c)(2).

- <u>Steve Thomas</u>.  Mr. Thomas is an expert witness disclosed by Dell, Inc. during the parties' discovery. His testimony, like that of Messrs. Keller and Horton, will concern the terms of the ordinary course of business dealings between Inacom and its vendors. The relevance of his testimony is therefore not limited to Dell, but rather relates to the affirmative defense pursuant to 11 U.S.C. § 547(c)(2) raised by Ingram and Lexmark as well.

- <u>John LaRocca</u>.  Mr. LaRocca possesses percipient knowledge of Inacom's history of "held" checks from his prior employment with HP. He is also qualified to offer expert testimony about Inacom's ordinary course of dealings with its vendors and standard terms of credit in the Defendants' industries. Again, his percipient and expert testimony will have direct relevance to the affirmative defense under 11 U.S.C. § 547(c)(2) raised by Ingram, Dell and Lexmark.

- <u>Kevin Sarkesian</u>.  Mr. Sarkesian is a current employee (and former Credit Manager) of defendant Lexmark. Like Mr. LaRocca, Mr. Sarkesian will provide relevant testimony concerning Inacom's ordinary course of dealing with its vendors and standard terms of credit in the Defendants' industries.

Contrary to its assertion in the Motion, Plaintiff was well aware of the identity of these witnesses *long before* Ingram included them on its witness lists in the Pretrial Order. The Defendants (including Ingram, Dell and Lexmark), with Plaintiff's full cooperation and agreement, began coordinating discovery efforts in August 2004 – months before the first deposition was taken in any of the Defendants' cases.

The identities of each of the witnesses were disclosed to Inacom during these coordinated discovery proceedings. Indeed, copies of Dell's and Lexmark's discovery responses in which they disclosed the identities of these percipient and expert witnesses were served on Inacom and Ingram, as well as the other defendants participating in the coordinated efforts. *See, e.g.*, Dell's Notice of Service of Supplemental Responses to Plaintiff's First Set of Interrogatories (May 4, 2005) (identifying Messrs. Keller, Horton, Thomas and LaRocca) (attached as Ex. "A" to Hersey Decl.). Plainiff deposed each of these witnesses, and even served copies of the deposition notices on Ingram. *See, e.g.*, Notice of Deposition of Expert Kevin Sarkisian (July 19, 2005) (Ex. "B" to Hersey Decl.).

### III.    ARGUMENT

Plaintiff has not demonstrated that it will suffer *any* prejudice if these previously identified and deposed witnesses are permitted to testify, particularly if the trials are consolidated. Each of the witnesses possess relevant and probative information concerning the "ordinary course of business" defense common to Ingram, Dell and Lexmark. Fairness and the interests of reaching consistent results in each of the similar cases weigh in favor of permitting the witnesses to testify – especially because Inacom has already deposed them and is fully capable of preparing its case for trial.[1]

---

[1] In contrast, Inacom's witness list included at least one person, Mr. Neil Gilmour, who was not previously identified in Inacom's initial disclosures or discovery responses in either this action or the preference actions against the other defendants. Unlike the witnesses listed on Ingram's witness lists, there has been no opportunity to depose Mr. Gilmour. Accordingly, his testimony should be excluded from trial. *See* Fed. R. Civ. P. 37(c)(1).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine to exclude the testimony of the witnesses that Inacom has deposed and which Ingram included on its witness lists in the parties' Joint Proposed Pretrial Order should be denied.

DATED: August 29, 2005

By: _____
Thomas G. Macauley (ID No. 3411)
ZUCKERMAN SPAEDER LLP
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware 19899-1028
Tel.: (302) 427-0400
Fax: (302) 427-8242

-and-

Jonathan P. Hersey (CA Bar No. 189240)
Scott B. Lieberman (CA Bar No. 208764)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
Telephone: (714) 513-5100
Facsimile: (714) 513-5130

Attorneys for Defendant
INGRAM ENTERTAINMENT INC.