UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re:  INACOM CORP., et al.,
------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                        Civ Act No.
                Plaintiff,                 04-148 GMS
        -against-                          Adversary No.
TECH DATA CORP.,                           02-03496 PJW
                Defendant.
------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                        Civ Act No.
                Plaintiff,                 04-582 GMS
        -against-                          Adversary No.
DELL COMPUTER CORPORATION,                 02-03499 PJW
                Defendant.
------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                        Civ Act No.
                Plaintiff,                 04-583 GMS
        -against-                          Adversary No.
LEXMARK INTERNATIONAL, INC.,               02-03500 PJW
                Defendant.
------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                        Civ Act No.
                Plaintiff,                 04-593 GMS
        -against-                          Adversary No.
INGRAM ENTERTAINMENT, INC.,                02-03960 PJW
successor in interest to
NASHVILLE COMPUTER LIQUIDATORS,
                Defendant.
------------------------------x

                    July 28, 2005

                    5:19 p.m.


            Deposition of RICHARD A. WHALEN



**Computer Reporting Incorporated**

501 Fifth Avenue New York, NY 10017
(212) 986-1344  Fax (212) 983-9149  www.crinyc.com

July 28, 2005

5:19 p.m.


      Deposition of RICHARD A. WHALEN, held at the offices of Pachulski Stang Ziehl Young Jones & Weintraub, 780 Third Avenue, New York, New York, pursuant to Agreement, before John Ianno, Jr., a Notary Public of the State of New York.

A P P E A R A N C E S:


PACHULSKI STANG ZIEHL YOUNG

JONES & WEINTRAUB

Attorneys for Plaintiff

    10100 Santa Monica Blvd.

    Los Angeles, California 90067-4100

BY:   ANDREW W. CAINE, ESQ.,

       of Counsel


ADORNO & YOSS, LLP

Attorneys for Tech Data Corp.

    350 East Las Olas Boulevard

    Ft. Lauderdale, Florida 33301

BY:   STEPHEN HUNT, ESQ.,    (By Telephone)

       of Counsel

A P P E A R A N C E S: (Cont'd):

HUGHES LUCE LLP

Attorneys for Dell Computer Corp.

    111 Congress Avenue   Suite 900

    Austin, Texas 78701

BY:   H. ROBERT POWELL, ESQ.,

       of Counsel

STOLL KEENON & PARK LLP

Attorneys for Lexmark International

    400 West Market Street

    Louisville, Kentucky 40202-3377

BY:   CULVER V. HALLIDAY, ESQ.,

       of Counsel

1            **R. Whalen**

2       Blackstone report. Would it be appropriate to

3       consider the information in the Blackstone report?

4            A.    You don't need it, you already have

18:08:42  5   it. You mean that particular balance sheet and

6       those balances, current assets, $10, fixed assets,

7       $12.

8            Q.    There may be additional data

9       underlying the balance sheet that's contained in

18:08:53 10   the Blackstone report that you don't see in the

11      balance?

12           A.    I suppose if it is factual data that

13      was around on the valuation date, then I'm

14      thinking no matter where it comes from, you should

18:09:06 15   consider it. There is a difference between

16      creating a report with all the judgment that goes

17      into it, and the thinking cap on in May of 2000,

18      which is different than perhaps a thinking cap in

19      April, or March, or February. The difference

18:09:26 20   between assertions made in a report and financial

21      statement data on a page. Maybe that's where we

22      are diverging here.

23           Q.    We are not, I'm just trying to

24      understand your opinion.

18:09:42 25          A.    I think in general wherever you can

1         R. Whalen

2   get information that was reasonable knowledge by a
3   willing buyer as of the valuation date, and you
4   should endeavor to get as much information as they
18:09:53  5   can, but things that are put out there, published,
6   become public or become available after the
7   valuation date, you can't use, you can't consider
8   them, unless you pick a new valuation date.
9        Q.   Let's say hypothetically you have a
18:10:25 10   valuation date of June 30?
11        A.   Okay.
12        Q.   And the most recent projection you
13   have in order to perform your analysis, have been
14   completed on January 1st, and those projections
18:10:40 15   relied on actual data prior to January 1st?
16        A.   And the thinking on January 1st.
17        Q.   Right.
18             MR. POWELL:  Which January 1st?
19             MR. CAINE:   Of the same year.
18:10:52 20             THE WITNESS: Before.
21        Q.   You would use those January 1st
22   projections in preparing your valuation as of June
23   30?
24        A.   Yes, or what I would try and do is
18:11:03 25   update those projections, make sure they are

1          *R. Whalen*

2     data, or it is inappropriate to use post valuation

3     date data?

4          A.   It is inappropriate to use post

18:21:42  5     valuation date data.  I may have been unclear

6     because I didn't want it to sound like that was

7     just my opinion, I think that's valuation rules.

8          **MR. POWELL:**  We reserve further

9     questions.

18:21:55 10   **FURTHER EXAMINATION**

11   **BY MR. CAINE:**

12          Q.   The valuation rules to which you

13     refer, where are they from?

14          A.   They are in most textbooks, Shannon

18:22:17 15     Pratt, third edition, if one does a Google search,

16     they can find it in many different places.

17     Shannon Pratt has a book called Valuing a

18     Business, it is one of the things you give the new

19     hires and say here, read this, kind of a

18:22:40 20     dictionary of business valuation, and there is a

21     section in there which stresses the importance of

22     using valuation data right at the valuation date.

23               I'm not sure which edition of Pratt

24     says don't go past your -- you know, it is one

18:22:58 25     thing to say don't use valuation data far afield

Case 1:04-cv-00593-GMS   Document 68-2   Filed 08/29/2005   Page 8 of 13



1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re:   INACOM CORP., et al.,
---------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                    Civ Act No.
                    Plaintiff,         04-148 GMS
        -against-                      Adversary No.
TECH DATA CORP.,                       02-03496 PJW
                    Defendant.
---------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                    Civ Act No.
                    Plaintiff,         04-582 GMS
        -against-                      Adversary No.
DELL COMPUTER CORPORATION,             02-03499 PJW
                    Defendant.
---------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                    Civ Act No.
                    Plaintiff,         04-583 GMS
        -against-                      Adversary No.
LEXMARK INTERNATIONAL, INC.,           02-03500 PJW
                    Defendant.
---------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                    Civ Act No.
                    Plaintiff,         04-593 GMS
        -against-                      Adversary No.
INGRAM ENTERTAINMENT, INC.,            02-03960 PJW
successor in interest to
NASHVILLE COMPUTER LIQUIDATORS,
                    Defendant.
---------------------------------x

                     July 28, 2005

                     9:11 a.m.


        Deposition of JASON FENSTERSTOCK



**Computer Reporting Incorporated**  **CRI**

501 Fifth Avenue  New York, NY 10017
(212) 986-1344  Fax (212) 983-9149  www.crinyc.com

July 28, 2005

9:11 a.m.


Deposition of JASON FENSTERSTOCK, held at the offices of Pachulski Stang Ziehl Young Jones & Weintraub, 780 Third Avenue, New York, New York, pursuant to Agreement, before John Ianno, Jr., a Notary Public of the State of New York.

A P P E A R A N C E S:

PACHULSKI STANG ZIEHL YOUNG

JONES & WEINTRAUB

Attorneys for Plaintiff

    10100 Santa Monica Blvd.

    Los Angeles, California 90067-4100

BY:   ANDREW W. CAINE, ESQ.,

       of Counsel


ADORNO & YOSS, LLP

Attorneys for Tech Data Corp.

    350 East Las Olas Boulevard

    Ft. Lauderdale, Florida 33301

BY:   STEPHEN HUNT, ESQ.,    (By Telephone)

       of Counsel

A P P E A R A N C E S: (Cont'd):


HUGHES LUCE LLP

Attorneys for Dell Computer Corp.

    111 Congress Avenue    Suite 900

    Austin, Texas 78701

BY:   H. ROBERT POWELL, ESQ.,

    SABRINA L. STRUESAND, ESQ.,

        of Counsel


STOLL KEENON & PARK LLP

Attorneys for Lexmark International

    400 West Market Street

    Louisvile, Kentucky 40202-3377

BY:   CULVER V. HALLIDAY, ESQ.,

        of Counsel

5

A P P E A R A N C E S: (Cont'd):


SHEPPARD MULLIN RICHTER & HAMPTON LLP

Attorneys for Ingram Entertainment

    650 Town Center Drive  4th Floor

    Costa Mesa, California 92626-1993

BY:    JONATHAN P. HERSEY, ESQ.,

        of Counsel


BLANK ROME LLP

Attorneys for Executive Sounding Board

    One Logan Square

    Philadelphia, Pennsylvania 19103-6998

BY:    EARL M. FORTE, ESQ.,

        of Counsel


ALSO PRESENT:

    DEAN VOMERO

    RICHARD A. WHALEN


*COMPUTER REPORTING INC.*
*(212) 986-1344*

**J. Fensterstock**

```
 1                                
 2              See that?
 3       A.     Yes.
 4       Q.     What circumstances were you referring
 5  to?
 6       A.     All of the company circumstances, as
 7  of April 17.
 8       Q.     Why was April 17 chosen?
 9       A.     That was the date that counsel asked
10  us to make our assessment as of.
11       Q.     Why was not April 22nd chosen?
12       A.     I believe April 17 was the date after
13  which all of the clients that have retained us, by
14  that date all of the payments that are subject to
15  attack in this action had been received, and there
16  was no need to go beyond that date.
17       Q.     In the course of preparing your
18  report, did you use any information of which
19  Inacom became aware after April 17th?
20       A.     Could you just please repeat that
21  question.
22       Q.     Sure.  In the course of preparing your
23  report, Exhibit 1, did you use any information of
24  which Inacom became aware after April 17th?
25       A.     In the course -- no.
```