IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re INACOM CORP., *et al.*, | Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br>　　　　　　Plaintiff,<br>v.<br>INGRAM ENTERTAINMENT, INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS,<br>　　　　　　Defendant. | Civil Action No. 04-593 (GMS)<br>[Bk Adv. Case No. 02-3960 (PJW)]<br><br>**[Related to Docket Nos. 56 and 60]** |

**PLAINTIFF'S REPLY RE ITS MOTION IN LIMINE TO EXCLUDE**
**CUMULATIVE EXPERT TESTIMONY RE INSOLVENCY**

　　　　First, Plaintiff does not concede that any of the testimony to be offered by Defendant's insolvency experts is materially relevant or persuasive. Moreover, Plaintiff does not concede that these experts have the requisite relevant experience to bring any weight to their opinions. Plaintiff does not, however, intend to challenge their qualifications, but to challenge the relevance and weight of their testimony.

　　　　Second, Defendant has conceded that its secondary expert, Mr. Whalen of Duff & Phelps, will NOT provide any opinions that are additional or different from its primary expert, Mr. Fensterstock of Sasco Hill Advisors, and thus, that it proposes to present two witnesses to testify to the May 2, 2005 Sasco Hill/Duff & Phelps report and the opinions therein.

　　　　According to Defendant's Opposition (Docket No. 60), its purpose for calling Mr. Whalen is to provide detail regarding certain of the methodologies that are already explained at length in the May 2, 2005 Report. Yet, any work performed by Mr. Whalen and his subordinates for the May 2 Report was done under the direction and supervision of

42125-003\DOCS_DE:111335.1

Mr. Fensterstock, who was employed by Duff & Phelps during most of the time period during which the work was performed, and who testified at length in deposition regarding the methodologies. Any testimony by Mr. Whalen would clearly be cumulative. Moreover, Plaintiff does not intend to contest the detail to which Mr. Whalen is proposed to testify, only the material relevance of the methodology and opinions to be offered by Mr. Fensterstock. Defendant should not be permitted to call Mr. Whalen until and unless a challenge is made at trial to the detail to which Mr. Whalen is proposed to testify.

Under Federal Rules of Evidence 403 and the Court's form of Pretrial Order, at footnote 5 thereof, Defendant should be limited to the presentation of a single witness with respect to its insolvency expert reports. The exclusion of the cumulative expert testimony relating to the issue of Plaintiff's insolvency will not cause any prejudice to Defendant whatsoever, and will greatly serve judicial economy and the interests of the parties and the Court.

Dated: September _, 2005    PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

*/s/*

Laura Davis Jones (Bar No. 2436)
Sandra G. McLamb (Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Counsel for the Plaintiffs/Debtors