IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re INACOM CORP., *et al.*, | Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br><br>Plaintiff,<br>v.<br><br>DEFENDANT INGRAM ENTERTAINMENT INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS, L.P.,<br>Defendant. | Civil Action No. 04-593 GMS<br>Adversary Case No. 02-3960 (PJW)<br><br>**[Related to Docket Nos. 58 and 66]** |

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE THE EXPERT TESTIMONY OF STEVEN GADSEY AT TIME OF TRIAL

But for a single string cite, Defendant's Opposition To Plaintiff's Motion in Limine to Exclude Expert Testimony of Stephen Gadsey (the "Opposition") does not refute that Mr. Gadsey, an employee of the Defendant ("NCL"), admitted he has no knowledge of the payment terms of NCL's industry competitors, Matrix, BLT, Logicare and Tech Express (collectively, the "Competitors").[1] The Opposition similarly concedes that Mr. Gadsey did not know whether NCL's Competitors varied their payment terms, had more stringent or lenient terms, or offered an early pay discount.[2]

Rather, the Opposition would have this Court believe that notwithstanding these shortcomings, Inacom and NCL are in the "same industry" and "Mr. Gadsey's knowledge of NCL's credit terms with Inacom and NCL's <u>other customers</u> is sufficient to provide a reasonable

---

[1] Despite the Opposition's suggestion that Mr. Gadsey has knowledge of "credit terms of some of NCL's and Ingram's competitors", at his deposition, Mr. Gadsey claimed knowledge of the credit terms of only one NCL competitor, Resilien/Logicare, which knowledge he obtained solely from the expert report of Stuart Gollin, Plaintiff's expert, just hours before his deposition. *See*, Gadsey Depo., p. 59, lns. 24 – p.60, lns. 15, *see* <u>Exhibit A</u> hereto.

[2] The parties agree that section 547(c)(2)(C) focuses on the terms in the creditor's industry, not the debtor's, and as such, the payment terms of Competitors are directly relevant as an objective frame of reference to evaluate NCL's terms.

42125-003\DOCS_DE:111349.1

and reliable basis for his opinion about the ordinary business terms in the computer distribution industry. (Opp. ¶3). Defendant's contention fails for two independent reasons. First, Inacom and NCL did not operate in the same industry, and second, assuming *arguendo* they did, Mr. Gadsey has no knowledge of the payment terms for <u>any</u> NCL customer other than Inacom.

Asked, point blank, who were the competitors of NCL, meaning who competed within this industry, Mr. Gadsey named Matrix, BLT, Tech Express and Resilien/Logicare. *See*, Gadsey Depo., p. 58, lns. 11-15, <u>Exhibit A</u> hereto. Inacom was not included, and for good reason: while NCL was in the business of refitting and distributing used computers, Inacom provided only computer management services, including planning and installing operating systems, software licensing and networking. *See*, Schedule 1 to Stuart Gollin's expert witness report, <u>Exhibit B</u> hereto.[3] Therefore, the rationale in *Global Tissue*, for accepting less than specific objective evidence of competitors' practices, is not applicable here. *See, In re APS Holding Corporation*, 282 B.R. 795, 804 (Bankr. D. Del. 2002). *See, In re Molded Acoustical,* 18 F.3d 217, 225-226 (3rd Cir. 1994) (wherein the Third Circuit attached substantial independent significance to Section 547(c)(2)(C), requiring objective evidence that demonstrates that the parties' payment practices comported with relevant industry norms).

Assuming *arguendo*, that Inacom and NCL did operate in the same industry, *In re Global Tissue,* 302 B.R. 808, 813 (D. Del. 2003), is clearly distinguishable. The court accepted testimony of employee witnesses <u>only after</u> they presented "significant evidence concerning the payment standard in the... industry for their other customers." Here, Mr. Gadsey has no knowledge of terms or practices for NCL's other customers. In response to questions as to what payment terms NCL employed with other customers such as Inacom, Mr. Gadsey's response was "I don't know." *See*, Gadsey Depo., p.57, ln. 12–p.58, ln. 2, <u>Exhibit A</u> hereto. The reliability of

---

[3] Moreover, Inacom had operations in Central America, South America, Mexico, as well as Europe, Asia, the Caribbean, the Middle East, Africa and Canada. NCL had only 50 employees at a single location in La Vergne, Tennessee, and sold refurbished computers and accessories.(Gadsey Depo., p. 35, ln. 3; p. 37, lns. 13-16).

42125-003\DOCS_DE:111349.1                                2

the employees' testimony in *In re Global Tissue* in defining an industry standard by presenting detailed knowledge of the industry is simply not present with Mr. Gadsey. Expert testimony must be "properly grounded, well-reasoned and not speculative." *See, In re Unisys,* 173 F. 3d. 145, fn 9 ( 3rd Cir. 1999). Mr. Gadsey's testimony clearly establishes that he has no knowledge of <u>competitor</u> or <u>customer</u> payment terms and practices, which is not surprising because, from 1992 to 1998, he oversaw accounts payable for rent and utilities at Ingram, not vendor receivables, a point Defendant glosses over. *See,* Gadsey Depo., p.29, ln. 7-p.30, ln. 9. Mr. Gadsey cannot even give a ballpark estimate as to whether NCL's payment terms <u>to other customers</u> were more stringent or lenient than those provided for Inacom. *See,* Gadsey Depo., p.56, ln. 23-p.57, ln. 5, <u>Exhibit A</u> hereto.

The record from his deposition evidences that Mr. Gadsey cannot offer any reliable or legally relevant expert testimony on standards of (a) Competitors in the industry, or (b) customers of NCL. He should be excluded from testifying on 11 U.S.C. § 547(c)(2)(C).

Dated: September 6, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

*[signature]*

Laura Davis Jones (Bar No. 2436)
Sandra G. McLamb (Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Counsel for the Plaintiffs/Debtors