IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re INACOM CORP., *et al.*, | Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br><br>       Plaintiff,<br>v.<br><br>DEFENDANT INGRAM ENTERTAINMENT INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS, L.P.,<br>       Defendant. | Civil Action No. 04-593 GMS<br>Adversary Case No. 02-3960 (PJW)<br><br>**[Related to Docket Nos. 59 and 62]** |

**PLAINTIFF'S REPLY RE ITS MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF PERSONS OTHER THAN THE PERSON DESIGNATED MOST KNOWLEDGEABLE AT TIME OF TRIAL**

  Plaintiff's Motion seeks to exclude from trial witnesses from Defendant Ingram Entertainment, Inc. ("Ingram") who were (i) involved in the operations of its subsidiary Nashville Computer Liquidators ("NCL") in 1999 and 2000, but (ii) not produced for deposition in response to a Rule 30(b)(6) notice. The request is reasonable and grounded in equity since only Mr. Gadsey was produced on behalf of both NCL and Ingram.[1]

  Defendant's Opposition simply side steps the issue by claiming that the Motion seeks to exclude witnesses "no longer employed by Ingram." The salient point is that Defendant should not be able to call any current or former employees of Ingram or NCL who set credit and payment terms, and oversaw accounts receivable decisions. Since Mr. Gadsey has no such pertinent knowledge, and did not investigate any such information prior to appearing for the

---

[1] The 30(b)(6) notice was served on Defendant Ingram Entertainment, as successor in interest to NCL.
42125-003\DOCS_DE:111351.1

Rule 30(b)(6) deposition, he should not now be permitted to speculate as to the decisions or knowledge of others based on his review of corporate documents.

Categories 6, 7, 8 and 10 of the Rule 30(b)(6) Notice sought the Person Most Knowledgeable at the Corporate Defendant Ingram on accounts receivable, collections, attempts to collect from Inacom and the standard credit terms issued during 1998-2000. *See*, Exhibit A hereto. Mr Gadsey testified that management at Ingram, and the President of NCL, set and changed the credit terms with Inacom. *See,* Gadsey Depo., p. 54, ln. 24 – p.55, ln. 9; p. 80, lns. 5-17; p. 117, lns. 16-19, Exhibit B hereto. It would be entirely improper to permit Defendant to present testimony from any other current or former employee with knowledge on those topics beyond the minimal testimony provided by Mr. Gadsey.

Rule 30(b)(6) imposes a duty upon the named business entity to select and prepare the deponent to adequately testify not only on matters known by the deponent, but also as to subjects that the entity should reasonably know. *Hooker v. Norfolk Southern Railway Co.*, 204 F.R.D. 124, 126 (S.D. Ind. 2001). "Any other interpretation of the rule would allow the responding corporation to 'sand bag' the deposition process by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial". *United States v. Taylor,* 166 F.R.D. 356, 362 (M.D.N.C. 1996). *See, Kanaji v. Philadelphia Child Guidance Center of Children's Hospital*, 2001 WL 708898, at * 2 (E.D. Pa. 2001) (defendant may not rely on a technical distinction between parent corporation or successor-in-interest when interests are aligned to thwart the purpose of Rule 30(b)(6)).

Defendant must be held to its prior decision to offer only Mr. Gadsey in response to the Rule 30(b)(6) Notice, and its failure to prepare him to testify regarding matters of which he has

no personal knowledge, but which may be found within Defendant's corporate records. Mr. Gadsey should not be permitted to introduce evidence at trial beyond his prior testimony. *Kanji*, 2001 WL 708898, at * 2 (corporation obligated to prepare a witness with pertinent information reasonably available to it.).

Plaintiff respectfully requests an Order that (1) excludes testimony of any witness from Defendant other than Mr. Gadsey on the topics of the 30(b)(6) notice, and (2) excludes testimony or documentary evidence from Mr. Gadsey beyond that provided at his deposition.

Dated: September 6, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
Sandra G. McLamb (Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Counsel for the Plaintiffs/Debtors