# Exhibit A

FILE COPY
6/9/05



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INACOM CORP., et al.,[1]<br><br>_____ Debtors. _____<br><br>INACOM CORP, on behalf of all affiliated Debtors,<br><br>Plaintiff(s),<br><br>v.<br><br>INGRAM ENTERTAINMENT, INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS,<br><br>Defendant(s). | Case No. 00-2426(PJW)<br><br>Jointly Administered<br><br>Chapter 11<br><br><br><br><br>Adv. No. 02-3960(PJW)<br>DIST Adv. No. 04-593(GMS) |

### CONTINUANCE OF NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE

1. PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure, Rule 30(b)(6), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure, Rules 7030 and 9014, Inacom Corp. ("INACOM") and per agreement of the parties will take the deposition of the Person Most Knowledgeable at Ingram Entertainment, Inc., as successor-in-interest ("INGRAM" or "YOU"). The deposition will take place at Law Offices of J. Mark Rogers, 119 E. Main Street, Murfreesboro, TN 37127 (615) 867-4599, commencing on June 28, 2005 at 10:00 a.m., or at a date and time between the Plaintiff and

---

[1] The Debtors are the following entities: InaCom Corp.; InaCom Latin America; InaCom Solutions, Inc.; InaCom Communications, Inc.; InaComp Financial Services, Inc.; Perigee Communications, Inc.; Networks, Inc.; Gorham Clark, Inc.; InaCom International, Inc.; InaCom Tennessee, Inc.; InaCom Professional Services, Inc.; Kure Associates, Inc.; Office Products of Minnesota, Inc.; Boston Computer Exchange Corporation; PC Technical Services, Inc.; Vanstar Corporation; Computerland International Development, Inc.; Computerport World Trade, Inc.; Vanstar International Corporation; VST West, Inc.; VST Illinois, Inc.; VSTNC, Inc.; Cland Tex, Inc.; InaCom Government Systems, Inc.; Contract Data, Inc.; Computer Professionals, Inc.; Vanstar Professional Technical Resources, Inc.

DOCS_LA:111073.2

Defendant(s), as agreed upon by counsel. Said deposition will continue from day to day, excluding holidays and weekends, until completed.

2. The deposition shall be taken before a notary public or an officer authorized by law to administer oaths upon oral examination, and will be recorded by a certified court reporter by the stenographic method and through the use of instant visual display, real-time display or otherwise, and/or by audio or video recording.

3. The representative(s) designated by INGRAM pursuant to Federal Rules of Civil Procedure 30(b)(6) shall be the person(s) most knowledgeable regarding each of the following areas of inquiry:

4. In responding to the areas of inquiry the following definitions shall apply.

### Definitions

5. ""YOU", "YOUR" or "INGRAM" shall mean INGRAM ENTERTAINMENT, INC., as successor in interest to NASHVILLE COMPUTER LIQUIDATORS., the defendant in the above-captioned contested matter, its predecessors in interest, and all past and present officers, directors, agents, servants, employees, and anyone else acting on its behalf or otherwise subject to its control.

6. "INACOM" or "DEBTOR" shall mean Inacom Corp. et al., the debtors in the above-captioned chapter 11 case, and its past and present officers, directors, agents, servants, employees, contractors and anyone else acting on its behalf or otherwise subject to its control

7. "COMPLAINT" shall mean the Complaint filed in the above referenced adversary or any amended complaint subsequent thereto.

## AREAS OF EXAMINATION

The representative(s) designated by the Defendant pursuant to Federal Rules of Civil Procedure 30(b)(6) shall be the most knowledgeable regarding the following:

1. YOUR communications with INACOM and/or Compaq with respect to the sale of the Distribution business and/or Asset Purchase Sale between INACOM and Compaq.

2. YOUR understanding and/or knowledge of the of the Asset Sale transaction between INACOM and Compaq in February.

3. All facts behind the issuance of invoices paid by the checks identified on Exhibit A attached to the COMPLAINT in this adversary proceeding.

4. All facts and documents with respect to receipt and handling of payments from Inacom from January 1, 1999 to June 16, 2000.

5. All facts and/or documents supporting Defendant's Affirmative Defenses alleged in the Answer and Affirmative Defenses filed by YOU.

6. YOUR practice and procedures regarding accounts receivable and collections.

7. Communications, including oral and written, with INACOM regarding accounts receivable, collections, checks, and "held checks."

8. All facts and documents concerning any attempts by YOU to collect amounts outstanding from INACOM from January 1, 1999 to June 16, 2000.

9. YOUR receipt and handling of the Transfers attached as Exhibit A to the COMPLAINT.

10. The standard credit terms issued by YOU to YOUR customers in 1998, 1999 and 2000.

11. The days paid outstanding units accounts receivable to all customers in the years 1998, 1999 and 2000.

Dated: June 7, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____

Laura Davis Jones (Bar No. 2436)
Andrew Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Counsel for Plaintiff

DOCS_LA:111073.2

-4-

## PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       )
CITY OF LOS ANGELES    )

    I, Penny Harms, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100.

    On June 8, 2005, I caused to be served the **CONTINUANCE OF NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE** in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

*Please see attached Service List*

☑ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑ (BY EMAIL) I caused to be transmitted the above-described document by electronic mail to the address(es) as shown. The transmission was reported as complete and without error.

☐ (BY PERSONAL SERVICE) By causing to be delivered by hand to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) By sending by _____ to the addressee(s) as indicated on the attached list.

    I declare that I am employed in the office of a member of the bar of this Court at whose direction was made.

Executed on June 8, 2005, at Los Angeles, California.

                                                        */s/ Penny Harms*
                                                          Penny Harms

DOCS_LA:111073.2