# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INACOM CORP., et al.,<br>        Debtors | Chapter 11<br><br>Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., et al.,<br><br>        Plaintiffs,<br>v<br><br>DELL COMPUTER CORP.,<br><br>        Defendants. | Civil Action No. 04-CV-582 (GMS) |

ORAL DEPOSITION OF

**DEAN VOMERO**

July 27, 2005



**FREDERICKS-CARROLL REPORTING & LITIGATION SERVICES, INC.**

| | | | | |
|---|---|---|---|---|
| 7719 Wood Hollow Drive ❖ Suite 156 ❖ Austin, Texas 78731 | ❖ (800) 234-3376 | ❖ (512)477-9911 | ❖ (512) 345-1417 | Fax |
| 9 Greenway Plaza ❖ Suite 3112 ❖ Houston, TX 77046 | ❖ (800) 234-3376 | ❖ (713) 572-8897 | ❖ (512) 345-1417 | Fax |
| 909 N.E. Loop 410 ❖ Suite 810 ❖ San Antonio, TX 78209 | ❖ (800) 767-9161 | ❖ (210) 222-9161 | ❖ (210) 225-1476 | Fax |

...

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF DELAWARE


  _____
                                     )
  In re: INACOM CORP., et al.        ) Chapter 11
          Debtors                    ) Bankruptcy Case No.
  _____) 00-2426 (PJW)
                                     )
  INACOM CORP., et al.               )
          Plaintiffs                 )
       v.                            ) Civil Action No.
                                     ) 04-CV-148 (GMS)
  TECH DATA CORPORATION              )
          Defendant                  )
  _____)
                                     )
  INACOM CORP., et al.               )
          Plaintiffs                 )
       v.                            ) Civil Action No.
                                     ) 04-CV-580 (GMS)
  INGRAM MICRO INC.                  )
          Defendant                  )
  _____)
                                     )
  INACOM CORP., et al.               )
          Plaintiffs                 )
       v.                            ) Civil Action No.
                                     ) 04-CV-582 (GMS)
  DELL COMPUTER CORP.                )
          Defendant                  )
  _____)
                                     )
  INACOM CORP., et al.               )
          Plaintiffs                 )
       v.                            ) Civil Action No.
                                     ) 04-CV-583 (GMS)
  LEXMARK INTERNATIONAL, INC.        )
          Defendant                  )
  _____)
                                     )
  INACOM CORP., et al.               )
          Plaintiffs                 )
       v.                            ) Civil Action No.
                                     ) 04-CV-584 (GMS)
  RESILIEN, INC.                     )
          Defendant                  )
  _____)
```

```
 1  _____
                                  )
 2  INACOM CORP., et al.          )
            Plaintiff             )
 3       v.                       ) Civil Action No.
                                  ) 04-CV-593 (GMS)
 4  INGRAM ENTERTAINMENT INC.     )
            Defendant             )
 5  _____)

 6

 7                    *-*-*-*-*

 8

 9          ORAL DEPOSITION OF DEAN VOMERO

10

11       On the 27th day of July, 2005, between the

12  hours of 9:04 a.m. and 5:18 p.m., in the offices of

13  Pachulski, Stang, Ziehl, Young, Jones & Weintraub,

14  P.C., 780 Third Avenue, Suite 3600, New York,

15  New York, before me, WILLIAM M. FREDERICKS, a

16  Certified Shorthand Reporter for the State of Texas,

17  appeared **DEAN VOMERO**, who, being by me first duly

18  sworn, gave an oral deposition at the instance of

19  Dell, Inc., in said cause, pursuant to the Federal

20  Rules of Civil Procedure.

21
22
23
24
25
```

```
 1                    A P P E A R A N C E S
 2
 3   FOR THE PLAINTIFF INACOM CORP.:
 4        MR. ANDREW W. CAINE
          Pachulski, Stang, Ziehl, Young,
 5        Jones & Weintraub
          10100 Santa Monica Boulevard
 6        11th Floor
          Los Angeles, California  90067-4100
 7
 8   FOR THE EXECUTIVE SOUNDING BOARD ASSOCIATION, INC. AS
     PLAN ADMINISTRATOR:
 9
          MR. EARL M. FORTE
10        Blank Rome LLP
          One Logan Square
11        18th & Cherry Streets
          Philadelphia, Pennsylvania 19103-6998
12
13   FOR THE DEFENDANT TECH DATA CORPORATION:
14        MR. STEPHEN C. HUNT
          Adorno & Yoss LLP
15        350 East Las Olas Boulevard
          17th Floor
16        Fort Lauderdale, Florida  33301
17
     FOR THE DEFENDANT DELL COMPUTER CORPORATION:
18
          MR. H. ROBERT POWELL and
19        MS. SABRINA L. STREUSAND
          Hughes & Luce LLP
20        111 Congress Avenue
          Suite 900
21        Austin, Texas  78701
22
     FOR THE DEFENDANT LEXMARK INTERNATIONAL, INC.:
23
          MR. CULVER V. HALLIDAY
24        Stoll, Keenon & Park, LLP
          2650 AEGON Center
25        400 West Market Street
          Louisville, Kentucky 40202-3377
```

```
 1              A P P E A R A N C E S (Continued)
 2
    FOR THE DEFENDANT INGRAM ENTERTAINMENT INC.:
 3
          MR. JONATHAN P. HERSEY
 4        Sheppard Mullin Richter & Hampton LLP
          650 Town Center Drive
 5        4th Floor
          Costa Mesa, California  92626-1993
 6
 7  ALSO PRESENT:
 8        Mr. Jason F. Fensterstock.
 9
10                    *-*-*-*-*
```

```
 1                        I N D E X

 2   Appearances................................... 3, 4

 3   DEAN VOMERO
         Examination by Mr. Powell...................... 7
 4       Examination by Mr. Hunt...................... 251

 5   Signature and Changes.......................... 265
     Reporter's Certificate......................... 267
 6

 7
                          E X H I B I T S
 8
     NUMBER                                              PAGE
 9
       1............................................... 26
10     2............................................... 47
       3............................................... 47
11     4............................................... 51
       5............................................... 62
12     6............................................... 64
       7............................................... 68
13     8............................................... 69
       9............................................... 69
14    10............................................... 69
      11............................................... 70
15    12............................................... 70
      13............................................... 71
16    14............................................... 71
      15............................................... 71
17    16............................................... 72
      17............................................... 72
18    18............................................... 74
      19............................................... 74
19    20............................................... 94
      21............................................... 96
20    22............................................... 103
      23............................................... 104
21    24............................................... 130
      25............................................... 133
22    26............................................... 133
      27............................................... 133
23    28............................................... 141
      29............................................... 144
24    30............................................... 147
      31............................................... 179
25    32............................................... 181
```

1                E X H I B I T S (Continued)
2   NUMBER                                                    PAGE
3     33............................................... 196
      34............................................... 203
4     35............................................... 203
      36............................................... 212
5     37............................................... 214
      38............................................... 215
6     39............................................... 216
      40............................................... 239
7     41............................................... 241
      42............................................... 241

**DEAN VOMERO,**
having been first duly sworn, testified as follows:

EXAMINATION

BY MR. POWELL:

Q. Would you tell us your name, please, sir.

A. Dean Vomero.

Q. Mr. Vomero, my name is Bob Powell and I represent Dell, Inc., in this case, and in the next few hours I'm going to ask you some questions about the opinions that you've formed in this case, and I want to ask you that if at any time during this deposition you don't understand a question that I might ask that you stop me right then and ask me to explain or clarify the question.

Will you do that for me?

A. Certainly.

Q. And can I assume that if you don't ask me to explain or clarify the question that you do understand the question?

A. Yes.

Q. Okay. And you understand your testimony today is under oath and it has the same force, significance and effect as if you were testifying in a courtroom before a judge and a jury?

A. Yes.

1  Objection, no foundation.
2      A.   In our view, because of the inability of the
3  entity to generate cash, whether it was -- we didn't
4  look at it from either perspective.  It was not in our
5  view relevant.                                                        01:15
6      Q.   (BY MR. POWELL)  Did you use a liquidation
7  value in your assessment of any of the assets in the
8  April 19th report?
9              MR. CAINE:  Objection to form.
10     A.   Again, the standard is converting the asset             01:15
11 to cash, and I believe in the report at times we have
12 interchanged that standard or defined it as
13 liquidation value; but, again, not -- whether it was a
14 going concern or not wasn't relevant to us.
15     Q.   (BY MR. POWELL)  Well, are you saying                   01:15
16 basically you decided the value according to a
17 liquidation value?
18             MR. CAINE:  Objection to form.
19     A.   If you're defining liquidation value as
20 converting the assets to cash in a reasonable period            01:16
21 of time, that was, again, our standard.
22             (Discussion off the record.)
23     Q.   (BY MR. POWELL)  As of February the 16th,
24 Inacom was essentially a new business.  Would you
25 agree with that?                                                01:16

```
 1  your valuation.  So which was it?
 2              MR. CAINE:  Objection to form.
 3     A.   We considered it, but it wasn't a material
 4  portion of our -- it wasn't material to us reaching
 5  any of our conclusions.                                           04:00
 6     Q.   (BY MR. POWELL)  So according to your
 7  methodology, it's okay to use 20-20 hindsight in
 8  reaching a valuation as of a particular date?
 9              MR. CAINE:  Objection to form.
10  Objection, no foundation.                                         04:01
11              MR. FORTE:  Objection, argumentative.
12     A.   No, we used all available facts that we had.
13     Q.   (BY MR. POWELL)  Including facts occurring
14  after the event of valuation?
15              MR. CAINE:  Objection, no foundation.                 04:01
16     A.   Correct.  And...
17              THE WITNESS:  Could we take a short
18  break?
19              MR. POWELL:  Sure.  Absolutely.
20              (Recess.)                                             04:20
21     Q.   (BY MR. POWELL)  Mr. Vomero, let's look at
22  Exhibit No. 3, your report dated May the 27th, 2005,
23  please, and let's look at Page 6.
24              By the way, how much were you all paid
25  for your two reports?                                             04:21
```