UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., et al.<br><br>Plaintiffs<br>v.<br><br>TECH DATA CORPORATION<br><br>Defendants | Civil Action No. 04-CV-148 (GMS) |
| INACOM CORP., et al.<br><br>Plaintiffs<br>v.<br><br>DELL COMPUTER CORP.<br><br>Defendants | Civil Action No. 04-CV-582 (GMS) |
| INACOM CORP., et al.<br><br>Plaintiff<br>v.<br><br>LEXMARK INTERNATIONAL, INC.<br><br>Defendant | Civil Action No. 04-CV-583 (GMS) |
| INACOM CORP, et al.<br><br>Plaintiff<br>v.<br><br>INGRAM ENTERTAINMENT, INC.<br><br>Defendant | Civil Action No. 04-CV-593 (GMS) |

**DEFENDANT INGRAM ENTERTAINMENT INC.'S REPLY IN SUPPORT OF MOTION SEEKING REMEDIES FOR PLAINTIFF INACOM CORPORATION'S <u>LATE PRODUCTION OF CERTAIN DISCOVERY MATERIALS</u>**

Defendant Ingram Entertainment Inc. hereby replies in support of its motion seeking remedies for Plaintiff's late production of certain discovery materials (the "Motion") and to Plaintiff's response in opposition (the "Opposition"), as follows:

The most telling aspect of Plaintiff's Opposition to the Motion is what the Opposition fails to say. Plaintiff is hard pressed to counter the instant Motion with any showing of "good cause" for its failure, and the failure of its counsel, to have produced documents that clearly were in Plaintiff's possession and should have been produced many months ago.

While Plaintiff asserts that the Motion is an "extreme" remedy because Plaintiff already produced some 23,000 pages of documents, the Opposition conveniently sidesteps the truth that: (1) the vast majority of these 23,000 pages were not produced until well after the close of fact discovery and (2) the balance sheets and financial statements upon which Plaintiff's expert bases much of his criticism of the Defendant's experts' solvency opinion was not produced until *after* the expert report disclosure deadline.

Defendant does not concede the relevancy (and have indeed objected to the admission) of much of the late produced materials. If, however, this self-claimed "critical" evidence is relevant, Plaintiff provides no legitimate reason why it was not produced years ago, and certainly before the depositions and expert reports.

Plaintiff has conveniently continued to "find" more evidence during the progress of this litigation, as demonstrated by Plaintiff even in responding to the current pre-trial motions. For example, in its opposition to the Defendant's Motion to exclude expert witness Dean Vomero's testimony, Plaintiff attaches certain "charts" as Exhibit B which

purport to criticize the conclusions of the Defendants' expert witnesses, Messrs. Fensterstock and Whalen, because their expert report is not based on Inacom's "actual financials" from January - April 2000. However, the "actual data" touted by Plaintiff is derived from the balance sheets and other financial documents that were not produced to the Defendant, despite prior request, until after the Defendants had already completed and disclosed their expert report. As Plaintiff continues to "find" more evidence, Defendant continues to be prejudiced. While the compliance of a litigant and its counsel with the procedural obligation of supplemental disclosure is expected, the unavailability of these documents to begin with is both mysterious and inexcusable.

Importantly, Plaintiff is not a bankruptcy trustee or other neutral party, to whom the task of attempting to avoid certain pre-bankruptcy transactions devolved. Plaintiff is the real party in interest, possessed of first hand knowledge of the case and of the documents and other evidence needed by the Defendant. And Plaintiff's counsel has represented Inacom as the bankrupt entity since 2000, when the bankruptcy cases were commenced. Bankruptcy jurisprudence recognizes, in analogous circumstances, that some procedural latitude must be afforded statutory parties like bankruptcy trustees because they enter a debtor's house in troubled circumstances and assume obligations along problems and failures that were not of the their own creation. *See, e.g., In re Everfresh Beverages, Inc.*, 238 B.R. 558 (Bankr. S.D.N.Y. 1999) (the bankruptcy court must take a liberal approach in construing allegations of fraud pleaded by the trustee because the trustee is a third party outsider to the transaction and must plead based upon second hand knowledge); *In re Collins*, 137 B.R. 754 755 (Bankr. E.D. Ark. 1992). However, Plaintiff and its present counsel are not "third party outsiders" and are not

acting on "second hand knowledge." They are possessed with the institutional knowledge of the debtor, and were responsible for maintaining Plaintiff's business records, especially insofar as they knew those records were likely to be requested once they sued creditors for avoidance of transfers.

To the extent that documents sought by Defendant were conveniently misplaced, the Plaintiff and its present counsel either caused it, or were in a possession to safeguard documents and failed to do so. Insofar as the commencement of avoidance actions is authorized by statute, and a bankruptcy case event anticipated by all debtors in bankruptcy cases, the certainty of which was further recognized long ago by Plaintiff and its counsel long ago in Inacom Corporation's plan and disclosure statement, the safeguarding of documents that constitute evidence in the process of commencing avoidance actions is a duty that cannot be delegated, the failure of which duty should not be rewarded.

Defendants has not crafted a draconian motion, but rather a broad prayer for such relief as may be fashioned by the Court in due regard to the circumstances and the relative prejudices to the parties. *In re Lands End Leasing, Inc.,* 220 B.R. 226 (Bankr. D.N.J. 1998) (sanctions for discovery violations must be just and must specifically relate to the claims at issue.) In this case, it is respectfully submitted that the equities weigh in favor of Defendant, not Plaintiff. In this regard, it is also respectfully noted that the prejudices certainly militate in favor of granting an appropriate remedy to the Defendant.

4

It is therefore respectfully submitted that the Motion should be granted.

Dated: September 6, 2005

Respectfully submitted,

/s/ Thomas G. Macauley

Thomas G. Macauley (ID No. 3411)
ZUCKERMAN SPAEDER LLP
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware 19899-1028
Tel.: (302) 427-0400
Fax: (302) 427-8242

-and-

Jonathan P. Hersey (CA Bar No. 189240)
Scott B. Lieberman (CA Bar No. 208764)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
Telephone: (714) 513-5100
Facsimile: (714) 513-5130

Attorneys for Defendant
INGRAM ENTERTAINMENT INC.