IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| In re: INACOM CORP., *et al.* | Bankruptcy Case No: 00-2426 (PJW) |
|---|---|
| INACOM CORP., on behalf of all affiliated Debtors,<br>v.<br>TECH DATA CORP., Defendant. | Civil Action No. 04-148 GMS<br><br>Adversary Case No. 02-03496 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br>v.<br>DELL COMPUTER CORPORATION, Defendant. | Civil Action No. 04-582 GMS<br><br>Adversary Case No. 02-03499 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br>v.<br>LEXMARK INTERNATIONAL, INC., Defendant. | Civil Action No. 04-583 GMS<br><br>Adversary Case No. 02-03500 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br>v.<br>INGRAM ENTERTAINMENT INC., successor in interest to NASHVILLE COMPUTER LIQUIDATORS, Defendant. | Civil Action No. 04-593 GMS<br><br>Adversary Case No. 02-03960 (PJW) |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OR
MODIFICATION OF ORDER CONSOLIDATING ACTIONS FOR TRIAL[1]**

Plaintiff Inacom Corp. hereby moves this Court for reconsideration or

modification of its September 1, 2005 Order (the "Order")[2] that consolidates the above-captioned

---

[1] As there are no novel issues of law presented herein, Plaintiff waives its right to file an additional brief in support of the Motion pursuant to Rule 7.1.2(a) of the District Court Local Rules of Civil Practice and Procedure. Because of the nature of the relief requested in this Motion, Plaintiff believes that no additional form of brief is required.

[2] A copy of the Order is attached hereto as Exhibit A.

cases for a single trial on all issues. In connection with the Pretrial Orders submitted on August 15, 2005, well over 2 months after briefing was completed on Defendants' consolidation motion, defendants Ingram Entertainment, Lexmark and Tech Data submitted witness lists that include percipient and expert witnesses only previously disclosed by Dell in discovery responses, Rule 26 disclosures or otherwise. These witnesses should clearly be excluded under Federal Rules of Civil Procedure 37(c)(1).

If the effect of consolidation is to permit the previously undisclosed witnesses to provide testimony other than in the Dell matter, then Plaintiff will suffer substantial prejudice. By this Motion, Plaintiff respectfully requests that the Court either (1) rescind the Order in its entirety, (2) modify the Order to consolidate for trial only the issues presented by Plaintiff's prima facie case, or (3) issue an order that none of the testimony provided by any of the previously undisclosed witnesses shall be admissible in the Ingram Entertainment, Lexmark or Tech Data actions.

## SUMMARY OF ARGUMENT[3]

In connection with the Pretrial Orders filed in the matters on August 15, 2005, the Ingram Entertainment, Lexmark and Tech Data submitted witness lists that include witnesses only previously disclosed by Dell, and for which no discovery was taken in the other matters. In sum, each of the other Defendants simply failed to adequately prepare its "ordinary course of business" defense under Section 547(c)(2), and is scrambling to find witnesses in an attempt to salvage its defense.

---

[3] Attached hereto as <u>Exhibit B</u> is the *Plaintiff's Statement Under Local Rule 7.1.1 Re Motion for Reconsideration or Modification of Order Consolidating Actions for Trial.*

Federal Rule of Civil Procedure 37(c)(1) is clear: witnesses not properly disclosed cannot be called to testify. Fed.R.Civ.P. 37(c)(1). Plaintiff promptly filed motions in limine to exclude the previously undisclosed witnesses, and in reply, Defendants did not cite a single authority for the proposition that a percipient or expert witness disclosed in another action may be called without notice or disclosure. The previously undisclosed witnesses should be excluded, but consolidation of the matters for trial will serve to permit these witnesses to provide evidence in the cases in which they were not previously disclosed. This unjust result is not contemplated by Rule 42(a); consolidation of these matters should be reconsidered to avoid the substantial prejudice to Plaintiff that will result.

## STATEMENT OF PERTINENT FACTS

1. Defendant's Motion for Consolidation was filed on May 10, 2005, and fully briefed by the parties by May 25, 2005. Fact discovery was long concluded prior thereto. Expert disclosures were completed, but expert discovery remained open.

2. By witness lists submitted in connection with Pretrial Orders filed on August 15, 2005, each of defendants Ingram Entertainment, Lexmark and Tech Data identified trial witnesses that they had not previously disclosed to Plaintiff in initial disclosures, any subsequent disclosures, any responses to discovery propounded by Plaintiff that specifically requested identification of all persons with knowledge with respect to the issues in this action, or any expert witness disclosures.[4] Of the Defendants who listed previously undisclosed expert

---

[4] In the August 15, 2005 witness lists, Ingram Entertainment identified 5 previously undisclosed witnesses (including 1 expert), Lexmark 4 (including 2 experts), and Tech Data 4.

witnesses, neither had presented expert witness reports under Federal Rules of Civil Procedure 26(a).

3.  Promptly upon seeing Defendants' witness lists with the previously undisclosed witnesses[5], Plaintiff prepared, and on August 15, 2005 filed motions in limine to exclude the witnesses from testifying at trial under Federal Rules of Civil Procedure 37(c)(1) and Federal Rules of Evidence 403. The Motions remain pending for hearing in connection with the PreTrial Conferences scheduled in these matters on September 19, 2005.

4.  While all of the previously undisclosed witnesses were disclosed in other matters, including 4 disclosed in the matter of *Inacom v. Dell*, Civil Action No. 04-582 (GMS), 2 as percipient witnesses and 2 as expert witnesses, discovery relating to those witnesses was concerned solely with the issues in the actions in which they were disclosed.

5.  Depositions of witnesses common among the four above-captioned actions, primarily relating to the insolvency issue and Compaq transaction, were informally coordinated for the convenience of the parties and the witnesses. Depositions of witnesses NOT common to all of these actions, including all of the previously undisclosed witnesses, were NOT coordinated, but conducted solely among counsel to the particular action, on issues solely related to the particular action. Thus, Plaintiff has NOT deposed any of the previously undisclosed witnesses for any purpose other than the particular action in which they were identified. Moreover, since Plaintiff's counsel in the Ingram, Lexmark and Tech Data actions is not serving as Plaintiff's counsel in the *Dell* action, 4 of the witnesses were deposed by different Plaintiff's counsel.

---

[5] Plaintiff received Defendants' witness lists on or about August 12, 2005.

## RECONSIDERATION OR MODIFICATION IS APPROPRIATE BASED ON NEW FACTS NOW KNOWN WHEN THE CONSOLIDATION WAS BRIEFED

Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . (2) newly discovered evidence which by due diligence could not have been discovered in time...or (6) any other reason justifying relief from the operation of the judgment."

As described above, the briefing on Defendants' Motion to Consolidate was completed on May 25, 2005, and the Court's September 1, 2005 Order was issued without the benefit of the information regarding the previously undisclosed witnesses. This new evidence giving rise to this Motion for Reconsideration was not discovered until August 12, 2005, promptly followed by Plaintiff's motions in limine to exclude the witnesses on August 15, 2005. Reconsideration or modification is appropriate.

## CONSOLIDATION IS NOT PROPER WHERE IT WILL SERVE TO PREJUDICE PLAINTIFF'S RIGHTS

Defendants' failure to disclose the previously undisclosed witnesses violates Federal Rules of Civil Procedure 26(a)(1), (2), (b)(3) and (e)(2). Under these circumstances, Federal Rules of Civil Procedure 37(c) unambiguously prohibits the use of the proposed witnesses at trial:

> **(c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.**
>
> > **(1)** A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate

> sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

The sanction imposed by Rule 37(c)(1) is "automatic" and "self-executing", and is intended "to provide a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." Fed. R. Civ. P. 37(c) Advisory Committee Note (1993).

Defendants may not use consolidation to circumvent the preclusion sanction of Rule 37(c)(1). Federal courts, including those in the Third Circuit, consistently follow *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331 (1933), for the proposition that consolidation must not alter the rights of the parties. "Consolidation 'does not merge the suits into a single cause *or change the rights of the parties*, or make those who are parties in one suit parties in another.'" *In re TMI Litigation,* 193 F.3d 613, 724 (3d Cir. 1999) (emphasis added, citing *Johnson, supra,* 289 U.S. at 497). *See also In re U. S. Financial Securities Litigation*, 609 F.2d 411, 428 (9th Cir. 1979) ("consolidation cannot alter the rights of the parties"). In the present case, consolidation must not be employed in a manner that permits Defendants to call witnesses whose testimony would otherwise barred by the Federal Rules, and thus, clearly prejudice Plaintiff's rights.

Plaintiff will clearly suffer prejudice if the previously undisclosed witnesses are permitted to testify to provide evidence in actions in which they were not previously disclosed. Plaintiff did not have an opportunity to depose these witnesses regarding any testimony relevant to those actions, investigate the facts to which they may testify, prepare motions in limine on relevance and/or qualification grounds, or otherwise prepare accordingly for trial. Consolidation

will, in effect, provide a windfall to the Defendants seeking to call the previously undisclosed witnesses by obviating their failure to properly prepare their cases for trial.

While a district court has "broad discretion" when determining whether consolidation is appropriate, *Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993), the court's discretion is not unfettered; the court should weigh the benefits of judicial economy "against the potential for new delays, expense, confusion or prejudice." See *Waste Distillation Tech., Inc. v. Pan American Resources, Inc.*, 775 F. Supp. 759, 761 (D.Del. 1991). The considerations of convenience and economy must yield to a paramount concern for a fair trial and the risks of prejudice and possible confusion. *Arnold v. Eastern Air Lines, Inc.*, 712 F.2d 899, 906 (4th Cir. 1983) (en banc), *cert. denied*, 464 U.S. 1040 (1984); *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973). Courts have often declined to consolidate matters for trial or have instituted procedures to ensure that evidence admissible in one action is not admissible in another and no confusion results. *Klimaski v. Parexcel Int'l*, 2005 WL 857350 (E.D.Pa. 2005).[6] See, *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495-1496 (11th Cir. 1985); *Cain v. Armstrong World Industries*, 785 F.Supp. 1448, 1455 (S.D.Ala. 1992).

## CONCLUSION

Based on the new information regarding Defendants' attempt to call previously undisclosed witnesses at trial in violation of Federal Rules of Civil Procedure 37(c)(1), consolidation of these matters should be reconsidered or modified so as to address the substantial prejudice to Plaintiff's rights that will otherwise result. The just result is to (1) rescind the Order in its entirety, (2) modify the Order to consolidate for trial only the issues presented by Plaintiff's

---

[6] A copy of *Klimaski v. Parexcel Int'l*, 2005 WL 857350 (E.D.Pa. 2005) is attached hereto as Exhibit C.

prima facie case, or (3) issue an order that none of the testimony provided by any of the previously undisclosed witnesses shall be admissible in the Ingram Entertainment, Lexmark or Tech Data actions. Little or no delay in the completion of the trials will result from this process.

Dated: September 8, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

*Rachel F. Werkheiser*
Laura Davis Jones (Bar No. 2436)
Sandra G. McLamb (Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Counsel for the Plaintiff Inacom Corp.

—and—

Bonnie G. Fatell (Bar No. 3809)
Elio Battista (Bar No. 3814)
BLANK ROME LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

Earl M. Forte, Esquire
Regina S. Kelbon, Esquire
One Logan Square
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555

Counsel for Executive Sounding Board Associates, as Plan Administrator for Plaintiff Inacom Corp.