

```
Phone:    (302) 425-6423
Fax:      (302) 425-6400
Email:    Fatell@BlankRome.com
```

September 16, 2005

By Hand Delivery
Electronic Filing
Honorable Gregory M. Sleet
U.S. District Court for the District of Delaware
844 North King Street, Room 4209
Lock Box 18
Wilmington, DE 19801

      Re:    Pre-Trial Conference, September 19, 2005
            InaCom Corp., et al. v. Tech Data Corp CA No. 04-148 (GMS)
            InaCom Corp., et al. v. Dell Computer Corp. CA No. 04-582 (GMS)
            InaCom Corp., et al. v. Lexmark International, Inc. CA No. 04-583 (GMS)
            InaCom Corp., et al. v. Ingram Entertainment Inc. CA No. 04-593 (GMS)

Dear Judge Sleet:

        On behalf of the plaintiffs in these adversary matters, at our recent telephonic conference with the Court, we proposed coordinating with the defendants' counsel presentation of the evidence at the trial in the now consolidated cases. To that end, on September 13, 2005, we provided defendants' counsel with an outline of the Proposed Order of Case Presentation and invited the parties to participate in a telephonic conference on September 15 to coordinate our positions. I enclose a copy of the Proposed Outline for Your Honor's consideration.

        Unfortunately, we did not receive a coordinated response from the defendants, nor an agreement by the four defendants to participate in a telephonic discussion of the issues. We did receive a response from Mr. Tatelbaum solely on behalf of Tech Data suggesting that item B.6 be moved to the defendants' affirmative defenses, and the plaintiffs' sur rebuttal, identified as item B.7, be moved to the end of the defendants' affirmative offenses. On behalf of the plaintiffs, we have not agreed to those changes because the defendants' evidence regarding § 547(b)(5) is not an affirmative defense, but is in response to the defendants' prima facie case to prove element (b)(5) of the preference action.



September 16, 2005
Page 2

    Mr. Powell, counsel for Dell, indicated that he would not agree to plaintiffs having an opportunity for rebuttal after the defendants' opening statements and, generally questioned how our proposal assisted in disposing of the cases more efficiently than a traditional procedure. Mr. Powell did not elaborate on his comment, but we assume he is questioning the presentation of the insolvency issue first. It is the plaintiffs' view that since the insolvency issue has been treated by all parties as a consolidated issue throughout discovery and preparation of this trial, and have agreed that insolvency is a threshold issue, the Court should hear the arguments on insolvency first. It is the plaintiffs' view that the balance of the outline does follow the "traditional" format of the plaintiffs presenting their prima facie case, and then each of the defendants having an opportunity to present their affirmative defenses.

    Lastly, we are informed that Hewlett Packard, a third a party defendant in certain of the actions, wishes to have a separate trial on all the issues relating to the allegations in the third party complaints at a later date.

    We provide this information and the enclosed outline for the Court's consideration prior to the pretrial conference scheduled for Monday. We assume all of the defendants will express their views more fully at the pretrial conference. I am available should Your Honor have any questions concerning the enclosed.

Respectfully yours,

*Bonnie Fatell*

Bonnie Glantz Fatell (3809)

BGF/eg
Cc:   (Via E-mail)
       Andrew Caine
       Earl Forte
       Robert Powell
       Sabrina Streusand
       Jonathan Hersey
       Steven Hunt
       Charles Tatelbaum
       Culver Halliday
       Cecily Dumas

**PROPOSED ORDER OF CASE PRESENTATION**

InaCom Corp., et al. v. Tech Data Corp CA No. 04-148 (GMS)
InaCom Corp., et al. v. Dell Computer Corp. CA No. 04-582 (GMS)
InaCom Corp., et al. v. Lexmark International, Inc. CA No. 04-583 (GMS)
InaCom Corp., et al. v. Ingram Entertainment Inc. CA No. 04-593 (GMS)

Opening Statements (Debtor, followed by each Defendant, with rebuttal by Debtor)(if the Court wants them )

A.  Insolvency (§ 547(b)(3))

   1. Debtor's direct case, with cross by Defendants and re-direct by the Debtor
   2. Rebuttal case by Defendants, with cross by Debtor and re-direct by Defendants
   3. Sur-rebuttal by Debtor, with cross by Defendants, re-direct by Debtor

B.  Elements of the Debtor's Prima Facie Case (§ 547(b))

   1. (b)(1) - stipulations from Pre-Trial Order re: transfers made and received, amounts paid, check payments, etc.
   2. (b)(2) - Stipulations from the PTO (all but Tech Data) and Debtor's direct evidence on antecedent debt for each of the four Defendants, with cross by Defendants, re-direct by Debtor
   3. (b)(3) - insolvency - addressed above
   4. (b)(4) - made within 90 days of the petition date - addressed above with respect to (b)(1) and in stipulations
   5. (b)(5) - received more than in a Chapter 7 case - Stipulations from the PTO (Ingram) and Debtor's direct, with cross by Defendants, re-direct by Debtor
   6. Defendants' rebuttal case on (b)(5)(Dell, then Lexmark and then Tech Data), with cross by Debtor , re-direct by Defendants
   7. Debtor's sur-rebuttal case on (b)(5), with cross by Defendants , Dell, Lexmark and Tech Data, redirect by Debtor

Debtor Rests

C.  Defendants' affirmative defenses

   1. Dell
      a. Dell's direct case on ordinary course of business (§ 547(c)(2)(B)), cross by Debtor, redirect by Dell
      b. Rebuttal by Debtor of Dell's § 547(c)(2)(B) direct case, with cross by Dell, re-direct by Debtor
      c. Dell's direct case on ordinary business terms (§ 547(c)(2)(C)), with cross by Debtor, redirect by Dell
      d. Rebuttal by Debtor of Dell's § 547(c)(2)(C) direct case, with cross by Dell, re-direct by Debtor

  e. Dell's direct case on subsequent new value (§ 547 (c)(4))(if permitted by the Court), with cross by Debtor, re-direct by Dell
  f. Rebuttal by Debtor of Dell's § 547(c)(4) direct case, with cross by Dell, redirect by Debtor

 2. Lexmark
  a. Lexmark's direct case on ordinary course of business (§ 547(c)(2)(B)), with cross by Debtor, re-direct by Lexmark
  b. Rebuttal by Debtor of Lexmark's § 547(c)(2)(B) direct case, with cross by Lexmark, re-direct by Debtor
  c. Lexmark's direct case on ordinary business terms (§ 547(c)(2)(C)), with cross by Debtor, re-direct by Lexmark.
  d. Rebuttal by Debtor of Lexmark's § 547(c)(2)(C) direct case, with cross by Debtor, re-direct by Lexmark
  e. Stipulations from the PTO re: Lexmark's direct case on subsequent new value (§ 547(c)(4)), with cross by Debtor, re-direct by Lexmark
  f. Rebuttal by Debtor of Lexmark's § 547(c)(4) direct case, with cross by Lexmark, re-direct by Debtor.

 3. Ingram
  a. Ingram's direct case on ordinary course of business (§547(c)(2)(B)), with cross by Debtor, re-direct by Ingram
  b. Rebuttal by Debtor of Ingram's § 547(c)(2)(B) direct case, with cross by Ingram, re-direct by Debtor
  c. Ingram's direct case on ordinary business terms (§ 547(c)(2)(C)), with cross by Debtor, re-direct by Ingram
  d. Rebuttal by Debtor of Ingram's § 547(c)(2)(C) direct case, with cross by Ingram, re-direct by Debtor
  e. Ingram's direct case on subsequent new value (§ 547(c)(4)), with cross by Debtor, re-direct by Ingram
  f. Rebuttal by Debtor of Ingram's § 547(c)(4) direct case, with cross by Ingram, re-direct by Debtor

 4. Tech Data - only challenged (b)(2)(antecedent debt, addressed above in (b)(1)), (b)(3)(insolvency, addressed above) and (b)(5)(Chapter 7 element, addressed above) - no affirmative defenses to be presented.

Closing arguments by Debtor, then each Defendant, with rebuttal by Debtor (if the Court wants them)